PHIL. J. MALLON *v.* THE TUCKER MANUFACT'NG Co.

1. PLEADING AND PRACTICE. *Bill of exceptions.* If the circuit judge improperly refuse to sign a bill of exceptions, this is not of itself ground for reversal.

2. SAME. *Same.* A rule of the circuit court that bills of exceptions, where not agreed to, should be presented within fifteen days after verdict or judgment, is not unlawful or unreasonable, and is within the power of the court under sec. 4237 of the Code.

---

FROM SHELBY.

---

Appeal in error from the Circuit Court of Shelby county.    C. W. HEISKELL, J.

W. W. GOODWIN for Mallon.

WEATHERFORD & HEISKELL for Manufacturing Co.

McFARLAND, J., delivered the opinion of the court.

This action was commenced before a justice of the peace by "The Tucker Manufacturing Co." against Phil. J. Mallon, upon a promissory note.    Upon appeal, the cause was tried by the circuit judge, and the judgment of the justice in favor of the plaintiff *affirmed* on the 16th of October, 1877.    During the same term of the court, to-wit, on the 9th of December, the defendant presented to the judge a bill of exceptions, which he asked to have signed and sealed and made part of the record.    The record shows that the judge refused to sign it as a bill of exceptions

Mallon v. Tucker Manufacturing Co.

because it was not presented in accordance with Rule 7 of the court, to the effect that bills of exceptions should be presented for the signature of the judge within fifteen days after the verdict of the jury in jury cases, or judgment of the court in non-jury cases, otherwise the judge would refuse his signature unless the bill of exceptions be agreed to by both parties. The judge, however, did sign the paper presented, as it states, for the purpose of enabling counsel to present the question as to the legality of the refusal of the court without the expense of a *mandamus* proceeding. The defendant thereupon appealed in error.

We will not undertake to say, even if the judge below erred in refusing to sign the bill of exceptions presented, that this would be ground for reversing the judgment and awarding a new trial. The remedy would be to compel the judge to sign the bill of exceptions, and then the proceedings might be reviewed and reversed if erroneous. That the judge improperly refused to sign the bill of exceptions, would not be an error effecting the judgment. We may, furthermore, very readily dispose of this case by holding that if the so-called bill of exceptions be regarded as part of the record, there is no error whatever in the proceeding. All that appears is that the defendant, Phil. J. Mallon, by attorney, moved the court to dismiss the cause because the summons had not been executed upon any member of the firm of Phil. J. Mallon & Co., the return being "executed on Phil. J. Mallon of the firm of Phil. J. Mallon & Co." This motion was overruled. The said Mallon offered

a plea in abatement, averring that, according to the best of his knowledge, recollection and belief, the summons was not executed upon him or any member of the firm. This plea was refused, and the court, upon the motion of the plaintiff's attorney, ordered that the officer be allowed to amend his return, and thereupon, during a recess of the court and in the absence of defendant and his attorney, the officer made an affidavit before the clerk that he executed the process upon "Phil. J. Mallon," and the court allowed the return to be amended accordingly, so as to show that the summons was executed upon "Phil. J. Mallon of the firm of Phil. J. Mallon & Co." Four days afterwards the cause was again called, in the absence of the defendant or his attorney, and judgment rendered for the plaintiff.

These are all the matters presented in the bill of exceptions, and it is manifest that if it be regarded as part of the record, it contains no error. The warrant of the justice does not specify the name of any person as defendant except Phil. J. Mallon, the language being, "summon Phil. J. Mallon and ———, composing the firm of Phil. J. Mallon & Co." The return specifies the name of no other person upon whom the warrant was executed, and as no other person is claimed to have been sued or pleads in abatement of the process, and as judgment has been rendered against no one else, it is clear that the amendment of the return was unnecessary and unimportant. Even the original return, by a fair construction, shows the execution of the process on Phil. J. Mallon, and

Mallon *v.* Tucker Manufacturing Co.

his plea in abatement was wholly insufficient besides not being in time. There was, therefore, no merit in the supposed defense, and the judgment should in any event be affirmed.

It may not, however, be amiss to express an opinion upon the question presented as to the right of the circuit judge to make the rule of practice referred to. The power is expressly given to circuit courts to make all such rules of practice as may be deemed expedient consistent with law, and to revise the same as often as thought proper: Code, 4237. It seems to us to be in violation of no rule of law and not unreasonable in itself, if the circuit judge is called upon to certify to what transpired on the trial, that he be called upon to do so when the matters are fresh in his mind and before the lapse of time and other business shall have rendered the facts obscure; and further, that in all ordinary cases fifteen days is ample time within which to prepare a bill of exceptions—it was certainly ample time in the present case. If a case should occur presenting special reasons for longer time, the matter then would be presented to the sound discretion of the circuit judge. The rule of the court does not apply when the bill of exceptions is agreed to by counsel. Strictly speaking, exception must be taken as the trial progresses and the matter of exception ascertained and noted before verdict, though it is not requisite that it be formally drawn up and signed before the trial is at an end, and in our practice it is most usually drawn up and signed afterwards: *Ferrel* v. *Alder*, 2 Swan, 77, citing

*Walton* v. *United States,* 9 Wheat., 657, and *Ex parte Bradstreet,* 4 Peters, 106. In the latter case it was said: "It would be dangerous to allow a bill of exceptions of. matters dependent on memory at a distant period when the judge may not accurately recollect them, and he ought not to allow it. If the party intends to take a bill of exceptions he should give notice to the judge at the trial, and if he does not file it at the trial he should move the judge to assign a reasonable time within which he may file it." It is true this was said in reference to a bill of exceptions made up at a subsequent term, but the reasons are equally applicable to a bill of exceptions made up at the same term after the lapse of a considerable time. The courts of Shelby county, it is said, sometimes last four months. In the case of *Galloway* v. *Fling,* before this court at Nashville in 1878, it was alleged that the trial lasted eight or nine days; a verdict was rendered at five o'clock one afternoon and the court adjourned next morning at seven o'clock; that it was impossible to make out a bill of exceptions between the time the verdict was rendered and the adjournment of the court, and the judge refused to continue the term for the purpose of giving longer time. We refused a *mandamus.* We hold that a party is not entitled, as a matter of right, to the whole of the term in which to present his bill of exceptions, and the rule of the circuit judge is not unlawful or unreasonable: *Sikes* v. *Ransam,* 6 Johns., 279.

The judgment will be affirmed.