## MRS. A. D. HEINEMAN v. NETHERLANDS INSURANCE CO.

Western Section.   November 1, 1929.

Petition for Certiorari denied by Supreme Court, March 3, 1930.

J. O. Bomer, Jr., of Memphis, for appellant.

R. Lee Bartels, of Memphis, for appellee.

HEISKELL, J.   The bill in this case was filed by the appellant, Mrs. Heinemann, to set aside an award made under the terms of a fire insurance policy with respect to a partial loss to a building insured.   It was predicated upon the theory that the appraiser appointed by the Insurance Company, and the umpire selected by both the appraiser for the Insurance Company and the appraiser for the insured, were biased and prejudiced, and as a result of such bias and prejudice a fraudulent and inadequate award was rendered.

After the pleadings in the case were made up, the complainant demanded a jury and issues of fact were made up by the parties under the supervision of the court, for submission to the jury. These issues will be referred to hereafter.

At the close of complainant's case, the Chancellor directed the jury to answer the issues in favor of the defendant Insurance Company, and a verdict in accordance with the direction of the court was rendered on April 4, 1929, and a minute entry recording the verdict of the jury likewise made on the same day.

Motion for a new trial was filed with the clerk on April 18, 1929, but was not submitted to the court until April 22, 1929. The court refused to consider said motion for a new trial because not submitted to the court in the time allowed.

Rule 31 of the chancery court of Shelby county provides:

"All motions for new trial shall be in writing and shall be entered upon the motion docket and filed with the Clerk and Master, and submitted to the court within fifteen days after the rendition of verdict. . . .

"This rule shall be copied into every transcript of every case hereafter appealed from this court in which a new trial is sought on the ground of error in the charge of the court, etc."

Under the decisions of the Supreme Court, and of this court, such a rule as is referred to is reasonable and must be complied with, otherwise the party complaining has lost his day in court. R. R. v. Johnson, 114 Tenn. 632, Syl. 4, Opin. 640; Mallon v. Mfg. Co., 75 Tenn. 62; Ice Co. v. Nunn, 2 Civ. App. 87; C. J., Vol. 46, p. 301, Sec. 273.

One of complainant's assignments of error is that the Chancellor erred in refusing to consider the motion for a new trial. We see no error in the action of the Chancellor. The motion for new trial was filed within the time required, but was not submitted to the court in that time. To sustain this assignment would be to set aside so much of the rule as requires the motion to be submitted within fifteen days. The reason for such a rule is to compel the motion to be submitted while the facts are fresh in the mind of the trial judge. This purpose is not met by the mere filing of the motion. The attorney for the motion must see that it is heard within the time allowed or else so bring the matter to the attention of the court on an application for a hearing as to induce the court to grant further time. Counsel for appellant argues that because the motion is heard on a motion day, that it would be a useless formality to ask a hearing before the call of the motion docket. The motion was filed on April 18, 1929, which was Thursday and was called on the motion docket on the 22nd which was Monday and motion day in that court. The verdict was entered on April 4, which was Thursday and there were within the fifteen days allowed for submitting the motion to the court two motion days, the 8th and the 15th. No reason is shown why the motion could not be submitted on one of these days if filed in time. The rule means that the motion must be filed in time to be submitted within fifteen days. If appellant's contention were granted, it could be argued that the motion could be filed after fifteen days, if on or before the next motion day. This is conclusive of the case and it is useless to take up any other question. By failing to comply with the rule of court, appellant is without a motion for a new trial in a jury case and therefore has lost the right to attack in this court the action of the lower court.

The decree of the Chancellor is affirmed. Appellant and sureties on appeal bond will pay costs of appeal.

Owen and Senter, JJ., concur.