## PARSONS *v.* AMERICAN TRUST & BANKING CO.

### (*Jackson*, April Term, 1934.)

Opinion filed July 17, 1934.

50

WHITAKER & WHITAKER, of Chattanooga, for plaintiff in error.

THOMPSON & BALLARD, of Chattanooga, for defendant in error.

MR. JUSTICE SWIGGART, delivered the opinion of the Court.

The plaintiff, as widow of W. H. Parsons, Jr., brought this action against the administrator of the estate of Albert H. Garnier, deceased, for damages for the wrongful death of her husband, caused by a negligent act of Garnier in the state of Florida.

The appeal in error is by the plaintiff, from a judgment of the circuit court of Hamilton county, dismissing the suit on certain pleas of the defendant.

The declaration avers that Garnier's negligence caused an automobile collision in which plaintiff's husband received injuries from which he died a "few days thereafter," and also that Garnier himself sustained injuries in the accident, from which he died "soon thereafter."

The declaration contains the following:

"Plaintiff, as the widow and beneficiary of the said W. H. Parsons, Jr., alleges that the law of Florida governs as to the right to sue and as to the liability of defendants and that under the law of the State of Florida, he right of action for the wrongful death of her said husband survives against the estate of the said Albert H. Garnier, by virtue of the following statute of the State of Florida, the same being section 4211, Comp. Gen. Laws, section 2571, Rev. Gen. Statutes, which reads as follows:

" '4211 (2571) Suits for personal injuries.—All actions for personal injuries shall die with the person, to wit: Assault and battery, slander, false imprisonment, and malicious prosecution; all other actions shall and may be maintained in the name of the representatives of the deceased.' "

Other statutes of the State of Florida are pleaded, by virtue of which it is charged that "the right to bring this action" is vested in plaintiff, as widow, and that the action is subject to the limitation that it shall be brought within two years from the date the cause of action accrued.

By the law of Tennessee, a widow may bring an action for damages for the wrongful death of her husband. Code, section 8236. To this extent the law of the two states is similar. But by the statutes of Tennessee the action must be brought against the wrongdoer in his lifetime. *Cherry* v. *Hardin,* 51 Tenn. (4 Heisk.), 199; *Brown* v. *Stephens,* 165 Tenn., 85, 52 S. W. (2d), 146. If, however, the action be brought against the wrongdoer, and he die pending the suit, it may be revived and prosecuted to judgment against his personal representative, as a debt or claim against his estate. Code, section 8694.

The theory of the plaintiff's case is that she brings to the Tennessee court an unliquidated claim or debt against the estate of Garnier, created and arising under the law of Florida at a time when Garnier was temporarily in that state, and which she is entitled to the aid of the courts of Tennessee to enforce against the estate being administered in Tennessee.

"The question as to whether a particular cause of action, dependent upon a statute, survives the death of

the plaintiff, or of the beneficiary for whose benefit the action is brought, is a question of right, and not procedure, depending upon the substance of the cause of action, and for its solution we must look to the statute of the state giving the right of action." LURTON, J., in *Sanders' Adm'x* v. *L. & N. R. Co.*, 111 F., 708, 710, 48 C. C. A., 565. The principle is the same when the inquiry is whether the cause of action survives the death of the wrongdoer. *Ormsby* v. *Chase*, 290 U. S., 387, 54 S. Ct., 211, 78 L. Ed., 378, and cases collected in annotations, 87 A. L. R., 852.

■ The courts of this State have consistently adhered to the principle that the law of the place where a wrong is committed must determine the rights of the parties affected by such wrong. *Holland* v. *Pack*, 7 Tenn. (Peck), 151; *N. & C. R. Co.* v. *Eakin, Adm'r*, 46 Tenn. (6 Cold.), 582; *N. & C. R. Co.* v. *Sprayberry*, 56 Tenn. (9 Heisk.), 852; same case reported at 67 Tenn. (8 Baxt.), 341, 35 Am. Rep., 705; *Whitlow* v. *N. C. & St. L. R. Co.*, 114 Tenn., 344, 84 S. W., 618, 621, 68 L. R. A., 503; *Hartman* v. *Duke*, 160 Tenn., 134, 22 S. W. (2d), 221.

■ Without controverting the general' principles above stated, the defendant contends that, because the law of this jurisdiction denies the right of an injured person, or his representative, to redress his wrong by suit brought against the administrator of the wrongdoer, it is against the policy of our law to enforce such a right arising under the law of another state.

The foundation of the action is a wrongful act, resulting in the death of another. The law of Florida, giving the widow the right to demand compensatory damages for such wrongful act, is in strict accord with the law of Tennessee. It cannot be said that our law recognizes

anything of injustice in requiring the estate of the wrongdoer to compensate his wrong, for, if the action be brought before his death, it may be revived and prosecuted against his representative, and the judgment enforced as a debt of his estate. The single difference in the law of the two states is that in the state where the wrong was committed the cause of action survives the death of the wrongdoer, while in the state of the forum only a pending action will survive his death.

In *Whitlow* v. *N., C. & St. L. R. Co., supra,* this court "adopted" a quotation from *Herrick* v. *Minneapolis, etc., R. Co.,* 31 Minn., 11, 16 N. W., 413, 47 Am. Rep., 771, containing the following statement: "To justify a court in refusing to enforce a right of action which accrued under the law of another state, because against the policy of our laws, it must appear that it is against good morals or natural justice, or that, for some other such reason, the enforcement of it would be prejudicial to the general interests of our own citizens."

Application of this principle is indicated by the two cases of *Robinson* v. *Queen,* 87 Tenn., 445, 11 S. W., 38, 3 L. R. A., 214, 10 Am. St. Rep., 690, and *First National Bank* v. *Shaw,* 109 Tenn., 237, 70 S. W., 807, 59 L. R. A., 498, 97 Am. St. Rep., 840. In the first case this court rendered judgment against a married woman on her promissory note, valid under the law of the state of her domicile, where it was made, but reserved the question of her liability if she had been a resident of this state, the laws of which then imposed upon married women the common-law disabilities of coverture. In the latter case the suit was against a married woman, resident of this State, upon a note delivered by her and payable in a state where married women were liable on their con-

tracts. Enforcement of that liability was denied by this court for the reason that it would be repugnant to the spirit and policy of our laws. The two cases can be reconciled on the view that the settled policy of the state to relieve resident married women of the consequences of their undertakings would have been materially impaired by the enforcement of contracts entered into in other states, not affording them such protection, while no such consequence would follow the enforcement of a similar obligation assumed by a nonresident in the state of her domicile where it was a legally enforceable obligation. The mere fact that the note would not have been enforceable if made in Tennessee was not regarded as an obstacle to liability in either case.

In so far as we have been able to discover, the appellate courts which have ruled the question in recent years have enforced the cause of action against the administrator of the estate of the wrongdoer when given by the law of the state where the act was committed, notwithstanding the law of the forum did not permit its survival. *Chubbuck* v. *Holloway*, 182 Minn., 225, 234 N. W., 314, reversed on other grounds 182 Minn., 231, 234 N. W., 868; *Kertson* v. *Johnson*, 185 Minn., 591, 242 N. W., 329, 85 A. L. R., 1; *Burg* v. *Knox* (Mo. Sup.), 67 S. W. (2d), 96; *Domres* v. *Storms*, 236 App. Div., 630, 260 N. Y. S., 335; *Taynton* v. *Vollmer*, 151 Misc., 214, 271 N. Y. S., 128; *Herzog* v. *Stern*, 240 App. Div., 881, 267 N. Y. S., 968, reversing 148 Misc., 25, 265 N. Y. S., 72.

Three of these cases cited as authority the case of *Herrick* v. *Minneapolis, etc., R. Company*, from which the quotation hereinabove made from our case of *Whitlow* v. *Railroad* was taken. The Missouri decision was aided by a statute of that state, enacting into its substantive

law the rule of comity followed elsewhere. But in each of the cases the court found in the failure of the Legislature to provide for the survival of the cause of action no "barrier of public policy" which would prevent the enforcement of the right granted by the state where the injury was suffered. The Minnesota and New York courts also cited and quoted from *Loucks* v. *Standard Oil Co.*, 224 N. Y., 99, 120 N. E., 198, 201, containing the following observation of CARDOZO, J.: "A right of action is property. If a foreign statute gives the right, the mere fact that we do not give a like right is no reason for refusing to help the plaintiff in getting what belongs to him. We are not so provincial as to say that every solution of a problem is wrong because we deal with it otherwise at home. . . . The courts are not free to refuse to enforce a foreign right at the pleasure of the judges, to suit the individual notion of expediency or fairness. They do not close their doors, unless help would violate some fundamental principle of justice, some prevalent conception of good morals, some deep-rooted tradition of the common weal."

In *Clough* v. *Gardiner*, 111 Misc., 244, 182 N. Y. S., 803; 194 App. Div., 923, 184 N. Y. S., 914 (decided in 1920), a department of the Supreme Court of New York, Appellate Division, registered a contrary ruling, but that was before the Court of Appeals stated the applicable principles of public policy in *Loucks* v. *Standard Oil Company, supra;* and, on the authority of the latter case, three other departments of the Supreme Court, Appellate Division, declined to follow the earlier ruling, in the cases hereinabove cited. The question has not been ruled by the New York Court of Appeals.

There is no element of injustice in requiring the heir

of a wrongdoer to inherit his estate, charged with the obligation to compensate one whom he has wronged. As against this conception of justice, the doctrine that a personal action dies with the person has no defenders. *Harris* v. *Nashville Trust Co.*, 128 Tenn., 573, 162 S. W., 584, 49 L. R. A. (N. S.), 897, Ann. Cas. 1914C, 885.

The Code, in the chapter dealing with the administration of estates, provides: "Every debtor's property, except such as may be specially exempt by law, is assets for the satisfaction of all his just debts." Section 8197.

In the uniform law relating to fraudulent conveyances, the term "debt" is defined as including "any legal liability, whether matured or unmatured, liquidated or unliquidated, absolute, fixed, or contingent." Code, section 7271. And, prior to this statutory definition, the plaintiff in an action for damages for tort had been held to be a creditor of the defendant. *Oliphant* v. *Moore,* 155 Tenn., 359, 293 S. W., 541, and cases there cited.

We think therefore that the plaintiff in this action, asserting a right of action accruing to her in the lifetime of the defendant's intestate and surviving his death by the law of its creation, is entitled to be treated as a creditor of the intestate and of his estate. Such a claim may be enforced by suit against the administrator in the same manner as any other claim of debt is enforced. We find no procedural difficulty in the suit. A judgment rendered against the administrator would have the same effect, as if the suit had been brought against the intestate in his lifetime and revived against the administrator, as expressly authorized by our statute.

So we conclude that the policy of our law does not forbid the enforcement of the cause of action asserted in the plaintiff's declaration, and that the action brought

is effective to procure, in harmony with the practice in other actions against administrators, the judicial determination and enforcement of the claim asserted, as an obligation of the estate administered by the defendant.

The appeal in error also presents questions arising from the defendant's plea of the statute of limitation of one year, sustained by the circuit court.

The defendant insists that the action is controlled by the limitation of one year, prescribed by our statute for the bringing of an action for personal injuries. Code, section 8595. The plaintiff insists that the limitation of two years, fixed by the Florida statute, follows the action here and is controlling. Neither party refers to the statute limiting the time for the bringing of actions against the personal representative of a deceased person to eighteen months, when the cause of action accrued in the lifetime of the deceased. Code, section 8608.

We find it unnecessary to determine which of these periods of limitation is controlling, since, in our opinion, the action was brought within one year from the date the cause of action accrued.

The date of the amended summons is May 31, 1933. The accident occurred on June 1, 1932. The Code, introducing the chapter dealing with the limitation of actions, provides: "The suing out of a summons is the commencement of an action, within the meaning of this chapter, whether it be executed or not, if the action is duly prosecuted," etc. Section 8571.

Plaintiff's declaration was filed on June 19, 1933. An amended declaration, offered in lieu of the original, was filed July 10, 1933. Both were filed more than one year from the date the cause of action accrued, but, by the

statute cited, the action was commenced on the date the summons was issued.

The defendant contends that the summons, sued out before the expiration of one year, did not operate to suspend the statute of limitation, because by Priv. Acts 1917, chapter 430, applicable to counties having a population of more than 150,000, it is provided that the declaration in an action brought in the circuit court shall be filed ''upon the suing out of a summons,'' which was not done in this case.

The circuit court overruled the defendant's contention that the summons was void for all purposes because issued prior to filing of the declaration. We decline to rule that failure to file the declaration at the time the process issued prevented the summons from tolling the statute of limitation, because to do so would give the local statute the effect of suspending the general laws of the state in matters affecting the personal rights of citizens, in violation of the Constitution of the state, article 11, section 8. This may not be done. *State* v. *Kerby*, 136 Tenn., 386, 189 S. W., 859. It seems obvious that a statute of limitation must operate uniformly in all of the courts of the state.

The defendant makes the further contention that the amended declaration, filed July 10, 1932, introduced into the case a new cause of action, barred by the one-year statute. In this, the defendant relies upon a well-recognized rule of pleading, that an amendment which is a departure from the position taken in the original declaration is treated as a new action, for the purpose of the application of statutes of limitation. *Union Pacific R. Co.* v. *Wyler*, 158 U. S., 285, 15 S. Ct., 877, 39 L. Ed., 983. Under that rule, there is such a departure when

a declaration, presenting a cause of action as arising at common law, is amended so as to ground it upon a statute.

██ ██ The declaration originally filed in the case before us merely averred the existence of the cause of action "under the law of Florida," quoting from an opinion of the Supreme Court of Florida, *Waller* v. *First Savings & Trust Company,* 103 Fla., 1025, 138 So., 780, as "the law of said state." The quotation begins: "Under the laws of Florida, a right of action . . . does not die with the tort-feasor," etc. It then asserted that the plaintiff, as widow, has the right to maintain this action "under the laws of the state of Florida."

While the statutes pleaded in the amended declaration were nòt specifically referred to in the original declaration, it is obvious that the original pleading asserted a cause of action of statutory origin. The common law did not recognize an action for damages for wrongful death. *Whaley* v. *Catlett,* 103 Tenn., 347, 53 S. W., 131. And the reference to the "laws" of Florida is necessarily a reference to the statutes of that state. Our conception of the case is therefore that the pleader, conceiving that the statutes of Florida, not specifically referred to, were defectively pleaded, undertook to cure the defect by setting them out in the amended declaration. In this there was no departure from the position first taken, and the amended declaration may be related to the date of the summons. *Nashville, C. & St. L. Railroad* v. *Anderson,* 134 Tenn., 666, 185 S. W., 677, L. R. A., 1918C, 1115, Ann. Cas., 1917D, 902.

The defendant further contends that the statutes pleaded in the amended declaration do not in fact provide for the survival of plaintiff's cause of action, and that this result is brought about, if at all, by the con-

struction placed upon the statute by the Supreme Court of Florida; that this construction may not be considered by the courts of Tennessee in aid of the declaration, because it is not pleaded.

 It is true that the existence of the plaintiff's cause of action by virtue of the law of Florida is a question of fact, which must be pleaded. But we are of opinion that the averment of the declaration that the statutes quoted therein confer upon her the right to proceed against the estate of the deceased wrongdoer is a sufficient pleading of the fact asserted, which may be established or refuted on the trial by evidence of the construction placed on those statutes by the courts of Florida.

Our conclusion is that the special defenses made by the defendant's pleas, to which the motion to strike was directed, presented no matters as to which the defendant was required to plead further, although, in so far as they merely took issue with the averment of the amended declaration that the cause of action survived under the law of Florida, they tendered a material issue of fact, and the motion to strike was properly overruled. We construe the judgment as dismissing the case for the plaintiff's refusal to plead further, and reverse that judgment. The case will be remanded for further proceedings consistent with the views herein expressed. The costs of the appeal will be paid by the defendant, as administrator.