## Nichols *v.* King.

*(Nashville,* December Term, 1949.)

Opinion filed March 17, 1950.

On Rehearing June 9, 1950.

574

BARBER & LEDUKE, of Memphis, for plaintiff in error.

KING, EWING & LAUGHLIN, of Memphis, for defendant in error.

Mr. Justice Burnett delivered the opinion of the Court.

The question involved is, whether or not the plaintiff has a right to sue out her summons first and file her declaration later, as provided by the general law of this State or whether she must file her declaration when she sues out her summons according to the provisions of Chapter 430 of the Private Acts of 1917.

The plaintiff in error sued out her summons on July 5, 1949, and it was served that day on the defendant in error and was returnable to the first Monday in August, 1949. On July 22, 1949, and before any steps had been taken in the suit by the defendant in error, the plaintiff in error filed her declaration. On August 3, 1949, the defendant in error filed a plea in abatement to the plaintiff's summons and declaration on the grounds that the plaintiff had had her summons issued by the clerk on July 5, 1949, but did not file her declaration therewith and that this was in violation of Chapter 430 of the Private Acts of 1917 which governed the practice of the Circuit Courts in Shelby County, Tennessee. After a motion to strike this plea in abatement had been overruled, the plaintiff in error filed a demurrer to the defendant in error's plea in abatement. The ground on which the demurrer is based is that Chapter 430 of the Private Acts of 1917, of the General Assembly of Tennessee, is unconstitutional and void because "it is unreasonable, arbitrary, partial and vicious class legislation and violates Article 1, Section 8, and Article 11, Section 8 of the Constitution of the State of Tennessee, and deprives the plaintiff of the benefit of the general laws of the State of Tennessee."

In due course the trial judge overruled this demurrer and sustained the defendant in error's plea in abatement and dismissed the plaintiff's suit. The plaintiff in error has seasonably perfected her appeal to this Court and the cause has been ably argued.

The material provisions of the Code of Tennessee with reference to practice in the Circuit Court are contained in Section 10331 et seq. Code, Section 10331 reads: "The declaration of the plaintiff shall be filed, if not earlier filed, within the first three days of the term to which the writ is returnable, otherwise the suit may, upon motion of the defendant, be dismissed at plaintiff's cost."

Code, Section 10333 provides: "Where a plaintiff files his declaration, sues out summons, causes the process to be accompanied by a true copy of the declaration, certified to be such by plaintiff or his attorney, and the process is served, including delivery of such copy to the defendant, by the sheriff or other officer, and return duly made, all twenty days or more before the first day of a regular term of court, that term shall be the trial term as respects the action; provided, the term shall continue long enough to permit of pleading to issue under rules which are or may be prescribed, and to try the cause."

The above two Sections of the Code are the law of the land as to when a declaration shall be filed in a case of the kind now before us. In 1917 the legislature of this State passed the Private Act 430 of that year which is an Act "to regulate the procedure in the Circuit Courts of the counties having a population of over one hundred and fifty thousand (150,000) inhabitants according to the Federal Census of 1910 or any subsequent Federal Census."

By Section 2 of this Act it is provided: "That upon the suing out of a summons in any Circuit Court the

declaration of the plaintiff shall be filed except in action of replevin or original attachment."

Apparently this Private Act has regulated the procedural practice in Shelby County for over 30 years. It has also been put into force and effect in at least one other County in the State which has grown into the Act by a population basis. Apparently Hamilton County had attempted to use this Act after it had grown into the size applicable to the Private Act. A suit had been filed in Hamilton County by the issuance of the summons but no declaration had been filed at the time of the issuance of the summons. Later a declaration was filed and a plea of the Statute of Limitations was filed thereto because the declaration was not filed until more than one year after the beginning of the cause of action while the summons had been filed within the year from the time of the cause of action. This Court in *Parsons* v. *American Trust & Banking Co.,* 168 Tenn. 49, 59, 73 S. W. (2d) 698, 702, said of the Private Act in question: "The defendant contends that the summons, sued out before the expiration of one year, did not operate to suspend the statute of limitations, because by Priv. Acts 1917, c. 430, applicable to counties having a population of more than 150,000, it is provided that the declaration in an action brought in the circuit court shall be filed 'upon the suing out of a summons,' which was not done in this case.

"The circuit court overruled the defendant's contention that the summons was void for all purposes because issued prior to filing of the declaration. We decline to rule that failure to file the declaration at the time the process issued prevented the summons from tolling the statute of limitations, because to do so would give

the local statute the effect of suspending the general laws of the state in matters affecting the personal rights of citizens, in violation of the Constitution of the state, Article 11, Section 8. This may not be done. *State* v. *Kerby,* 136 Tenn. 386, 189 S. W. 859. It seems obvious that a statute of limitations must operate uniformly in all courts of the state.''

This is the only time that this Statute has been before this Court since its enactment in 1917, insofar as we can learn. The effect of the holding above is that the filing of the summons, even though not accompanied by a declaration, is sufficient to toll the statute of limitations. If the quoted section of the Private Act herein were attempted to be enforced, that is, that the·declaration must be filed on the suing out of the summons otherwise no suit has been 'filed, this would be unconstitutional as contrary to the general law of the land.

It is very ably and forcefully argued here that this question does not now arise because there are still several months before the action would be barred by the statute of limitations and that therefore this action of the trial judge may be affirmed without violating the holding of the Parsons case, *supra.* We think this argument erroneous. In the first place the general law of the State, above quoted, does not provide that the declaration shall be filed upon the issuance of the summons. This being true unquestionably then the legislature would not have the right to pass a statute applicable to one county requiring a different procedural method from that required under the general law of the State. It, therefore, seems to us that the reasoning used by this Court in the Parsons case is equally applicable to the situation here presented.

Because the Private Act in question, setting forth rules of procedure for the circuit courts of Shelby County, conflicts with the statutory law of the State in such cases, we hold that the rule requiring the declaration to be filed with the summons is without force. For this reason the cause must be reversed and remanded to the Circuit Court of Shelby County for further plea and procedure as is deemed proper.

## On Petition to Rehear.

The defendant in error has filed a dignified, courteous and forceful petition to rehear. There has also been a request on behalf of the Memphis and Shelby County Bar Association to file a brief and argument herein in support of the petition to rehear which is allowed. This petition, on behalf of the Memphis and Shelby County Bar Association as *amicus curiae,* is filed for the purpose of having our opinion formerly rendered clarified and not in any sense as an advocate for one side or the other.

We have very carefully considered these respective petitions and feel that they were justified under the circumstances. Our opinion, as formerly rendered, was so prepared for a purpose. We did not wish to declare the act in question unconstitutional because the act contains many fine and salutary rules of practice. It provides a procedure by means of which the movement of cases through the Circuit Court, in the Counties in which the act is applicable, may be expedited. The act in question contained no severability clause wherein the section of the act under attack could be elided and save the balance of the act. Therefore, in all probability, the holding of the section brought in question unconstitu-

tional would in effect be holding the entire act unconstitutional. This we did not and do not desire to do.

When the writer of this opinion was a Circuit Judge in Knox County, the act in question was found to cover Knox County, the County having grown into the act by subsequent increase in population, and as a result this act was incorporated into the rules of practice in Knox County Circuit Courts. It has since been readopted by successor Circuit Judges in Knox County and is at present a part of the rules of that court. On at least two different occasions the identical question presented herein has arisen in Knox County on motions of defendants to quash the summons because the declaration was not filed with the summons. In each instance this motion has been denied and the plaintiffs allowed to file their declaration in accord with the statute applying to all Counties of the State. From a practical viewpoint, there seems to be no reason why a motion to quash the summons when not accompanied by a declaration as required by the act in question may be denied and at the same time preserve the various procedural benefits of the act.

■■ The private act in question is in conflict with the general law of the State declaring that the "suing out of a summons is the commencement of an action, within the meaning of this chapter, whether it be executed or not, if the action is duly prosecuted . . ." Code, Section 8571. Due prosecution of an action contemplates the filing of a declaration that purports to state the cause of action whether such declaration is filed simultaneously with the summons, as a leading process, or later. It would thus appear that when one is forced to file his declaration along with his summons or otherwise the

suit would be dismissed clearly conflicts with the general law above quoted. This was the effect of the holding in *Parsons* v. *American Trust & Banking Co.*, 168 Tenn. 49, 59, 73 S. W. (2d) 698. We did not refer to the various cases cited by counsel for the defendant in error in our former opinion because it was our view that the statements made in reference to this act in the Parsons case obviously covered the question now under consideration.

If the action of the trial judge in this case were affirmed it would in effect be giving this local statute, Private Acts of 1917, Chapter 430, the effect of suspending the general law of the State in a matter affecting the personal rights of citizens in the prosecution of their claims in the court when actions upon them are timely instituted under the provisions of the general law which must operate uniformly in all of the Courts of the State.

The Courts for example may make rules, directing the returning of writs of process, the filing of declarations and other pleadings, and other things of the same description. These things may also be done by the legislature, without intervention of the courts which was apparently done by the enactment of the Private Act in the present case. When such rules as promulgated either by the courts or by the legislature are in contravention of the general law of the State they must yield to the general law. *General Electric Co.* v. *Marvel Rare Metals Co.*, 287 U. S. 430 53 S. Ct. 202, 77 L. Ed. 408; also see 14 Am. Jur., Courts, Sections 152 et seq., and notes and authorities there cited.

The defendant in error cites, relies on, and urges on us as authority for the proposition that the Private Act in question can be enforced in Shelby County even though it is not applicable to the other Counties of the State, the

following authorities: *Hancock v. Davidson County*, 171, Tenn. 420, 104 S. W. (2d) 824; *Cook v. Guill*, 174 Tenn. 587, 128 S. W. (2d) 345; *James v. Kennedy*, 174 Tenn. 591, 129 S. W. (2d) 215. All of these cases are cases determining certain private acts creating General Sessions courts or specific provisions of these acts. It is very forcefully argued that since this Court (consisting of a different personnel) held these acts constitutional (the acts there in question provided that things might be done in Davidson County and other Counties contrary to the statute allowing appeals from a justice of the peace judgment, etc.), that, therefore, this Court (consisting of a different personnel) has held that a procedural act of the kind in question may be valid even though applying to one County alone.

CHIEF JUSTICE GREEN in *Hancock v. Davidson County*, *supra*, said, of the very question here presented, that:

"In answer to this objection, it is sufficient to say that so far as his bill discloses the appellant here is in nowise affected by these provisions of the act of 1937. He is not a litigant in any case before the court of general sessions. He sues as a taxpayer of Davidson County to avoid the additional burden of taxation that he avers will be imposed upon him by the maintenance by said county of this court. These provisions as to civil suits will impose no burden upon the county and will impose no burden upon any taxpayer of the county.

"To justify an assault upon the validity of a statute under these sections of the Constitution, the assailant must show that he is adversely affected by the alleged discrimination." Page 433 of 171 Tenn., page 829 of 104 S. W. (2d).

And at page 435 of 171 Tenn., at page 829 of 104 S. W. (2d), it is said: ''There has been some intimation that a statute transferring the authority and jurisdiction of justices of the peace to another court could only be sustained if applicable to the whole state. Such an idea, however, was long ago rejected in this state. We have a number of special courts in particular counties to which the jurisdiction of the circuit in some instances, of the chancery court in other instances, of the criminal court in other instances, has been transferred. In a few instances the jurisdiction has been transferred from other courts to a special court set up for certain districts of the particular county. See *Ellis* v. *State*, 92 Tenn. 85, 20 S. W. 500; *Wilcox* v. *State*, 50 Tenn. 110, 3 Heisk., 110, and the note of Judge Nicholson to the latter case Id., 50 Tenn. page 114.'' And the ''jurisdiction and powers'' of a justice of the peace ''are largely subject to the will of the Legislature.'' Page 436 of 171 Tenn., page 829 of 104 S. W. (2d). The situation herein is in no way comparable.

The opinion of Judge Sanford, when he was United States District Judge, in *Allen* v. *Sewanee Fuel and Iron Co.*, D. C., 268 F. 219, 220, is also strongly relied upon as authority for the right to do what the defendant in error attempts to do herein. In this case Judge Sanford merely said that in his opinion, ''the Legislature being authorized,—to provide for such terms of court and practice in the courts of the several counties, as it may deem requisite to meet local needs, and future litigants having no vested rights in reference to such procedural matters which were thereby impaired''; that the act doing these things was not unconstitutional.

We have no fault to find with the above cited cases and in fact entirely agree with everything that is

said in these cases. In our view though, the question here under consideration is an entirely different proposition from that in any of these cases. As we before said, the Parsons case in effect determined the question under consideration long ago. It was there said: "We decline to rule that failure to file the declaration at the time the process issued prevented the summons from tolling the statute of limitations, *because to do so would give the local statute the effect of suspending the general laws* of the state in matters affecting the personal rights of citizens, in violation of the Constitution of the state, article 11, Section 8. This may not be done." 168 Tenn. at page 59, 73 S. W. (2d) at page 702. Here we have a party whose suit is dismissed because he did not follow a rule of court requiring him to file his declaration at the time that summons was issued in the case. This in effect amounts to holding that unless the declaration is filed with the summons that a suit may not be maintained in Shelby County. This, as said many times, is contrary to the general laws of the State, is not a governmental function, and when a private act or rule of court comes in conflict with a general statute the private act or the procedure authorized thereunder must give way in favor of the general act.

It is argued by the defendant in error in his petition to rehear that since the procedure adopted by the act in question has been so long in force in Shelby County that for this reason the practice should be upheld and the judgment of the lower court affirmed. Counsel cites the case of *Dickinson* v. *Lee et al.*, 42 Tenn. 615, as authority for this proposition. In the Dickinson case the court there merely held that in computing the five days time for the service of summons on returns that the prac-

tice of the court in computing this time over a long period of time was "entitled to much weight, and in many instances is deemed conclusive." We do not doubt the soundness of the conclusion of this opinion. This though in our judgment was not applicable to the instant case. Because the practice in question herein was adopted in one County of the State and has been followed in that County for some years does not seem to us to be sufficient force to make it a rule which will overcome the general law of the State. This Court clearly pointed out the unlawfulness of the procedure here sought to be enforced in the Parsons case sixteen years ago.

We have very carefully considered each and every authority as cited by the parties in their respective briefs and in addition thereto have done considerable independent investigation and have given the matter much thought. In our judgment none of the authorities cited are controlling in the matter.

An "Amendment to Petition to Rehear" has been filed herein. (Filed April 10, 1950.) This petition was filed after we had drafted the above opinion but before its release. In this amended petition the case of *Wilson* v. *Wilson*, 134 Tenn. 697, 185 S. W. 718, 719, is cited as conclusive authority for the position of the defendant in error (petitioner on petition to rehear).

In the Wilson case an act providing for divorce proctors in counties of more than 100,000 population was held valid for reasons expressed in the opinion. We find no fault with the opinion. A different situation is presented in the case now before us. This Court in the Wilson case clearly pointed out the difference between the two cases when the following language was used:

"It is first insisted that chapter 121, Acts of 1915, is in violation of Section 8, art. 11, of the Constitution, providing that no law shall be passed which grants to any individual or individuals special rights, privileges, or immunities, and that only general laws shall be passed. It is insisted that the effort to apply this statute only to those counties having a population in excess of 100,000 is an arbitrary and unreasonable classification.

"This assignment of error must be overruled. The late cases decided by this court hold that the Legislature may pass special laws affecting particular counties as governmental or political agencies. Redistricting Cases, [*Grainger County* v. *State,* 111 Tenn. 234, 80 S. W. 750; *Prescott* v. *Duncan,* 126 Tenn. 106, 148 S. W. 229; *State* v. *Columbia, etc. Turnpike Company,* [133 Tenn. 446], 181 S. W. [682], 683. *This statute was not designed immediately to affect the rights of the citizen.* Organized society is vitally interested in the preservation of the marriage relation. Fraudulent and unwarranted divorces tend to corrupt the morals of the community. The statute on its face declares its purpose to be the protection of society and the preservation of the sanctity of the marriage relation. It cannot be denied that legislation on these subjects chiefly *involves governmental and political questions.* While the rights of individuals are incidentally affected, *the dominant purpose of the statute was to accomplish good for the county as a body politic.*" (Italics ours.)

The portion of the act in question, in the instant case, clearly affects the citizens in their personal or private rights or relations with each other as was said of the very act now in question in the Parsons case, *Parsons* v. *American Trust & Banking Co.,* 168 Tenn. 49, 73 S. W. (2d) 698.

The opinion in the Parsons case was prepared by "predecessors of this present Court." Chief Justice Green was a member of the Court then. He likewise prepared and delivered for the Court the opinion in the Wilson case and *Hancock* v. *Davidson County* case both so strongly relied on by the petitioner.

What we intended to hold and what we are holding is that the rule requiring the declaration to be filed upon issuance of the summons is contrary to the general law of the State and, since it is so contrary or opposed to the general law of the State, it must give way to the general law. The party suing must be allowed to file his declaration in accordance with the general statutes of the State applicable. By so holding and ruling the salutory features of the private act in question are not disturbed. Since they are not before us we do not feel inclined to make a ruling that would affect these provisions.

All concur.