HAZEL SPRUILL RICHIE and WILLIAM ALFRED RICHIE, SR., Appellants, v. LIBERTY CASH GROCERS, INC., and MONTESI SUPERMARKET-EAST, Appellees. —471 S.W.2d 559.

Western Section. March 15, 1971.

Certiorari Denied by Supreme Court September 7, 1971.

Hearn W. Tidwell, Memphis, for appellants.

Joe D. Spicer, Memphis, for appellees.

NEARN, J. The sole question to be determined by this Court is whether or not, by local rules, a trial Court can shorten the period of time allowed by T.C.A. 27-201 for the Application for a Rehearing or Motion for a New Trial.

The matter is before us on the technical record which reveals that, at the close of all the proof, the trial Judge directed a verdict for the defendants, Liberty Cash Grocers, Inc. and Montesi's Supermarket-East. The order of Directed Verdict was entered on April 20, 1970. A written Motion for a New Trial was filed on May 20, 1970. On May 22, 1970, counsel for plaintiff received a phone call from the Clerk of the Court with the message, "Read Rule 5 of the Circuit Court". On May 25, 1970, counsel for plaintiff wrote a letter to the trial Judge, advising the Judge of counsel's familiarity with Rule 5 of the Circuit Court, but also calling to the Court's attention Chapter 405 of the Public Acts of 1968, which amended Section 27-201 T.C.A., which amendment of the Code was subsequent to the adoption of the Court's Rules. On June 2, 1970, plaintiff's counsel put down a Motion "For Setting to Dispose of Written Motion for a New Trial". On June 5, 1970, the Court refused to give a setting to dispose of Motion for a New Trial and entered an Order that the Motion for a New Trial would not be considered by the Court, and that same was not timely filed and was not disposed of in accordance with the Rules of the Court, to which action the plaintiff prayed and was granted an appeal to this Court.

The pertinent portion of Rule 5 of the Circuit Court of Shelby County is as follows:

"(a) All motions for a new trial shall be in writing and shall be entered upon the motion docket. All such motions shall be filed and disposed of within fifteen days after the rendition of the judgment in the case, provided that the Judge for good cause shown, may extend said time as allowed by law."

A decision of the matter at hand requires study of Section 27-201 T.C.A., which study in turn requires review of the genealogy of this act of the legislature so that it can be examined in its original form, viewed in the light of subsequent amendments and compared in its past and present form. Prior decisions on the issue now involved must be read with knowledge of the verbiage of the statute at the time of the decision.

Section 27-201 T.C.A., as amended in 1968, provides as follows:

"27-201. *Motion for rehearing or new trial.*—A rehearing or motion for new trial can only be applied for within thirty (30) days from the decree, verdict or judgment sought to be affected. The expiration of a term of court during said period shall not shorten the time allowed. A motion for a new trial must be submitted in writing within the time prescribed by this section, which motion may be amended at any time prior to a decision on the motion. [Code 1858, sec. 3119; Shan., sec. 4847; Code 1932, sec. 8980; mod. C. Supp. 1950, sec. 8980; Acts 1968 (Adj.S.), ch. 405, secs. 1, 2.]"

Prior to the last amendment, the statute provided:

"27-201. *Motion for rehearing or new trial.*—A rehearing or motion for new trial can only be applied for within thirty (30) days from the decree, verdict or judgment sought to be affected, subject, however, to the rules of court prescribing the length of time in which the application is to be made, but such rules in no case shall allow less than ten (10) days for such application. The expiration of a term of court during said period shall not shorten the time allowed. [Code 1858, sec. 3119; Shan., sec. 4847; Code 1932, sec. 8980; mod. C.Supp.1950, sec 8980.]"

We have examined the Codes of this state, beginning with the Code of 1858, and find that prior to the 1950 Supplement the statute governing rehearings remained unchanged for almost 100 years, that is, from 1858 to 1950. The 1858 Code, and all subsequent Codes until 1950, provided as follows:

"A rehearing can only be applied for at the term of the court at which the decree sought to be affected, is rendered." (Code 1858, sec. 3119)

It cannot be doubted that the trial Courts of this state have authority to make reasonable rules of practice applicable to such Courts, which includes rules in regard to Motions for New Trials, provided that such rules are not inconsistent with the law. This authority is inherent in the Courts, but, if there ever was any doubt about the Courts' reasonable rule-making authority, it was put to rest by legislative act. See Code 1858 sec. 4237 [deriv. Acts 1851-1852 Ch. 152 sec. 9; Shan. sec. 6075; mod. Code

1932 sec. 10330; 1955 Code sec. 16-514 (Sec. 16-514 repealed by Acts 1965, Ch. 227 sec. 8) and for present law see T.C.A. 16-117].

Counsel for appellee has cited Mallon v. Tucker Manufacturing Co., (1881) 75 Tenn. (7 Lea) 62, and Hinton v. Sun Life Insurance Co., (1902) 110 Tenn. (2 Cates) 113, 72 S.W. 118, as authorities for the proposition that the trial Court may shorten the period allowed by the Code, and we have found the case of Patterson v. Patterson, (1890) 89 Tenn. (5 Pickle) 151, 14 S.W. 485, which would tend to support the proposition. However, we are of the opinion that all three cases are distinguishable from the case at bar. These three cases involved the question of the propriety of the local Court's rule regarding the time in which a Bill of Exceptions may be filed. At the time of the *Mallon* and *Patterson* decisions, there was no statutory provision governing the time in which a Bill of Exceptions must be filed. The legislature had not spoken in the matter and of necessity some authoritative body had to provide for the orderly appeal of cases to avoid lengthy and unnecessary delays. In both *Mallon* and *Patterson,* it was the Supreme Court's ruling that the trial Court had the authority and could make reasonable rules requiring that Bills of Exceptions be filed sometime within the term of Court.

At the time of the *Hinton* decision, supra, the legislature had spoken regarding the time for filing Bills of Exceptions by the enactment of Chapter 275, Acts of 1899, which was enacted for the purpose of allowing time after adjournment of Court for the preparation of Bills of Exceptions. In the *Hinton* case, it appeared to the Supreme Court that, from the record it had before it,

the trial Court had allowed ten days for the filing of the Bill of Exceptions and that the Bill of Exceptions had not been filed within the time allowed by the Court and, therefore, it could not be considered by the Court. The Acts of 1899 provided that the trial Judge:

" * * * may, in his discretion, allow the parties time in which to prepare and file the bill of exceptions, not to exceed thirty days from and after the adjournment of the court"

and, further, that the intervention of a term should not affect the time allowed. It is clear, from the verbiage of the act in effect at the time of the decision, that its intent was to allow the trial Court to set any reasonable period of time for the filing of a Bill of Exceptions, so long as such period did not exceed *thirty* days from and after the adjournment of the Court. Therefore, in the *Hinton* case, there was no conflict between the Court rules and the statute, and the trial Court requirement was held to be proper and reasonable.

Reliance is also made upon the authority of Memphis St. Ry. Co. v. Johnson, (1905) 114 Tenn. 632, 88 S.W. 169, to sustain the action of the trial Court. We are of the opinion the case is not in point as the question before the Appellate Court was the propriety of Court rules which required that Motions for a New Trial be in writing and the rule that all errors not set out in the Motions for New Trial were presumed to be waived. The question of timely filing was not before the Court and the Supreme Court held that such rules, as were before the Court, were reasonable and any Assignment of Error not contained in the motion would not be considered.

We must admit that the case of Heineman v. Netherlands Ins. Co., 10 Tenn.App. 490, certiorari denied by the Supreme Court, March 3, 1930, and Thompson v. Hawes, 25 Tenn.App. 581, 162 S.W.2d 71, certiorari denied by the Supreme Court in June of 1941, are difficult if not impossible to distinguish from the case at hand. Both of these cases were decided by this Section of the Court of Appeals. In *Heineman*, the local Court rules provided:

"All motions for new trial shall be in writing and shall be entered upon the motion docket and filed with the Clerk and Master, and submitted to the court within fifteen days after the rendition of verdict * * *"

Motion for a New Trial was filed fourteen days after verdict, but was not submitted until four days after filing. The Chancellor refused to consider the Motion for a New Trial as it was not submitted to the Court within the fifteen days as required by the rules. The Appellate Court affirmed the Chancellor's action, stating:

"The motion for new trial was filed within the time required, but was not submitted to the court in that time. To sustain this assignment would be to set aside so much of the rule as requires the motion to be submitted within fifteen days. The reason for such a rule is to compel the motion to be submitted while the facts are fresh in the mind of the trial judge. This purpose is not met by the mere filing of the motion. The attorney for the motion must see that it is heard within the time allowed or else so bring the matter to the attention of the court on an application for a hearing as to induce the court to grant further time."

In the *Thompson* case, supra, the Motion for a New Trial was not submitted to the Court within the fifteen days as provided by the rules. This Court stated:

"* * * the time within which a motion must be filed or may be submitted after it is filed can be abridged by a reasonable rule of the Court * * *"

If these cases are distinguishable from the present case, we perceive that it can only be by virtue of the difference in verbiage in the 1858 Code and the 1968 Act. Or, perhaps, it could be said that under the 1858 Code, the allowance of a term, which in some cases could be four months, was an unreasonable allowance by the legislature, which could be corrected by Court rule, and the allowance of thirty days under the present statute is not unreasonable and should not be altered by the Court. We see little real difference in the verbiage of the 1858 Code and the 1968 Act which would now prohibit an abridgment of a statute by the trial Court, which abridgment under *Heineman* and *Thompson* was permitted. The 1858 Code provided a Motion for a New Trial "can only be applied for at the term of court". The 1968 Act provides such motion "can only be applied for within thirty (30) days".

However, we need not attempt to distinguish the *Heineman* and *Thompson* cases, as we are of the opinion that Nichols v. King, (1950) 190 Tenn. 573, 230 S.W.2d 1006, has settled the matter. *Heineman* and *Thompson* are readily distinguishable from *Nichols* in that *Heineman* and *Thompson* are decisions of the Western Section of the Court of Appeals. *Nichols* is the decision of the Su-

preme Court and, in our opinion, also states the better rule.

While *Nichols* was not decided specifically on the rule-making authority of the trial Court, the principle was the same and was so stated by the Court. In *Nichols,* the County of Shelby had succeeded in enacting, by private act, certain Court rules applicable only to Shelby County, one of which rules contravened the general law. The general law provided that a Declaration "shall be filed, if not earlier filed, within the first three days of the term * * *" The private act provided that "upon the suing out of a summons * * * the declaration * * * shall be filed". Dismissal of the suit was the result of failure to comply with the private act. The Supreme Court held that the private act conflicted with statutory law and was without force. The Court further stated:

"If the action of the trial judge in this case were affirmed it would in effect be giving this local statute, Private Acts of 1917, Chapter 430, the effect of suspending the general law of the State in a matter affecting the personal rights of citizens in the prosecution of their claims in the court when actions upon them are timely instituted under the provisions of the general law which must operate uniformly in all of the Courts of the State."

If we were to substitute the words "local rule" for "local statute", the reasoning would be the same. Immediately following the foregoing paragraph, we find:

"■■ The Courts for example may make rules, directing the returning of writs of process, the filing of

declarations and other pleadings, and other things of the same description. These things may also be done by the legislature, without intervention of the courts which was apparently done by the enactment of the Private Act in the present case. When such rules as promulgated either by the courts or by the legislature are in contravention of the general law of the State they must yield to the general law. General Electric Co. v. Marvel Rare Metals Co., 287 U.S. 430, 53 S.Ct. 202, 77 L.Ed. 408; also see 14 Am.Jur., Courts, Sections 152 et seq., and notes and authorities there cited."

If we follow the instructions of Justice Burnett and "see 14 Am.Jur., Courts, Sections 152 et seq.", there is found in the footnotes similar situations to the one at hand, as well as an excellent annotation in Am.St.Reports, Volume 41, page 641, wherein it is stated:

"As the courts are themselves bound by the same laws which it is their duty to construe and to apply to the affairs of private individuals, it is manifest that it is beyond their province by rules to dispense with those laws, or to make valid regulations not in harmony therewith * * *"

Also, in the case of Brewer v. State, (1948) 187 Tenn. 396, 215 S.W.2d 798, the foregoing section of American Jurisprudence is cited as follows:

"It is well nigh axiomatic that no rule of court is ever effective to abrogate or modify a substantive rule of law. In 14 Am.Jur. Sec. 152, p. 357 it is said, 'As against conflicting statutory provisions such rules are without force. They must be subordinate to the law,

and in case of conflict the law will prevail.' Our own case of Adcox v. Southern Ry. Co., 182 Tenn. 6, 14, 184 S.W.2d 37, 156 A.L.R. 1091 supports the above text.''

Therefore, under the authority of Nichols v. King, supra, we hold a trial Court may not shorten the period of time allowed by T.C.A. 27-201 for the Application for a Rehearing or Motion for a New Trial. The Motion for a New Trial was timely filed and the Court's rules to the contrary are without effect.

The cause is remanded with instructions for the trial Judge to consider and rule on the merits or lack thereof of the Motion for a New Trial.

The costs of this appeal shall be borne by the appellee.

Carney, P. J., and Matherne, J., concur.