IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
June 22, 2006 Session

## IN THE MATTER OF E.J.M., d.o.b. 10/31/1994

## LEE T.  MYERS v. SANDRA BROWN

**A Direct Appeal from the Circuit Court for Shelby County**
**No. CT-002027-05     The Honorable John McCarroll, Judge**

_____

**No. W2005-02520-COA-R3-CV - Filed July 25, 2006**

_____

This is a child custody case which originated in juvenile court.  On March 24, 2005, the court entered an order which, *inter alia*, awarded joint custody to the parties, with the mother being the primary custodian.  Relying on Local Rule 15 of the Shelby County Juvenile Court, father timely appealed to the Circuit Court of Shelby County.  By order entered October 11, 2005, the circuit court dismissed the appeal for lack of subject matter jurisdiction.  On October 28, 2005, father filed a notice of appeal in the circuit court, appealing the final judgment of dismissal in the circuit court and the final judgment of the juvenile court entered on March 24, 2005.  We vacate the order of the circuit court dismissing the case and remand the case to the trial court with directions to enter an order transferring this appeal to the Court of Appeals.

**Tenn. R. App. P. 3; Appeal as of Right; Order of Circuit Court Vacated and Remanded**

W. FRANK CRAWFORD, P.J., W.S., delivered the opinion of the court, in which DAVID R. FARMER, J. and HOLLY M. KIRBY, J., joined.

Mitchell D. Moskovitz and Adam N. Cohen of Memphis, Tennessee for Appellant, Lee T. Myers

No Appearance by Appellee

### OPINION

Petitioner/Appellant, Lee T. Myers ("Father"), and Respondent/Appellee, Sandra Brown ("Mother"), are the natural parents of the minor child, E.J.M., born October 31, 1994.  The parents were never married.  In June 1995, pursuant to a voluntary acknowledgment of Father's paternity, the juvenile court entered an order of legitimation.

With only short periods of peace, a protracted and contentious atmosphere prevailed, primarily concerning custody, visitation, and decision making for the child's welfare. Numerous petitions were filed by each of the parties dealing with the alleged shortcomings of the other party in those areas. The case has been before this Court on more than one occasion, and it appears from statements of counsel, there is presently another case pending in this Court involving these parties.

This appeal involves the March 24, 2005 order of the juvenile court that confirmed as the decree of the court findings and recommendations of the referee, which states:

## FINDINGS AND RECOMMENDATIONS OF REFEREE

This cause came on to be heard before the Honorable Cary C. Woods, Referee of the Juvenile Court of Memphis and Shelby County, Tennessee; all parties of interest were before the Court, and upon proof introduced and the entire record, the Referee finds that:

1. The Petition for Contempt and To Modify Chid Support Order filed in this Court on February 25, 2004 should be dismissed.

2. The Petition for Contempt; To Modify Primary Residential Status; or in the Alternative for Injunctive Relief filed in this Court on April 30, 2004 should be sustained.

3. The Guardian Ad Litem's Petition for Contempt Against Mother, Sandra Brown, filed in this Court on February 1, 2005 should be sustained.

4. The Petition to Modify Primary Residential Status and For Contempt filed in this Court on February 1, 2005 should be dismissed.

5. The defendant, Sandra Brown, was and is able to comply with the Court's order of visitation.

6. The defendant, Sandra Brown, is in contempt of the Court.

IT IS THEREFORE RECOMMENDED

1. That said child be removed from the custody of the mother, Sandra Brown.

2. That joint custody of said child shall be awarded to the mother, Sandra Brown, and the father, Dr. Lee T. Myers, with Sandra Brown being the primary custodian.

3. That the mother of said child, Sandra Brown, shall consult with the father of said child, Dr. Lee T. Myers, with any major decisions concerning said child, such as educational, medical, or health decisions.

4. That the mother of said child, Sandra Brown, shall pay attorney fees in the amount of $1,000.00 to attorney Adam N. Cohen.

5. That Sandra Brown shall pay the costs for which execution may issue.

On March 24, 2005, Father filed a Notice of Appeal from the juvenile court to the Circuit Court of Shelby County, Tennessee, pursuant to the provisions of Rule 15, of the Local Rules of the Shelby County Juvenile Court. On October 11, 2005, the circuit court entered an order dismissing the appeal, stating:

Despite Rule 15 of the Local Rules of Juvenile Court, this Honorable Court lacks subject matter to entertain Father's appeal. As such, Father's appeal to this Honorable Court shall be dismissed, and Father must pursue his appeal with the Court of Appeals, Western Section at Jackson.

On October 28, 2005, Father filed a Notice of Appeal in the Circuit Court of Shelby County, which states:

Notice is hereby given that Lee Myers named, hereby appeals to the Court of Appeals of Tennessee, Western Section at Jackson from the final judgment of the Circuit Court of Shelby County, Tennessee at Memphis, entered in this action on the 11th day of October, 2005 – Order of Dismissal; and from the final judgment of the Juvenile Court of Shelby County, Tennessee at Memphis, entered in this action on the 24th day of March, 2005.

Appellant seeks relief from the judgment of the juvenile court, entered March 24, 2005, set out above. In order for this Court to reach the substantive issue, this Court must have jurisdiction of the appeal. In the first instance, we have jurisdiction of the appeal to determine whether the trial court erred in dismissing Appellant's appeal from the juvenile court to the circuit court. T.C.A. § 37-1-159 (2005), **Appeals**, states in pertinent part:

(a) The juvenile court shall be a court of record; and any appeal from any final order or judgment in a delinquency proceeding, filed under this chapter, except a proceeding pursuant to § 37-1-134, may be made to the criminal court or court having criminal jurisdiction that shall hear the testimony of witnesses and try the case de novo; and any appeal from any final order or judgment in an unruly child proceeding or dependent and neglect proceeding, filed under this chapter, may be made to the circuit court that shall hear the testimony of witnesses and try the case de novo. . . .

     \*        \*        \*        \*

(g) Appeals in all other civil matters heard by the juvenile court shall be governed by the Tennessee Rules of Appellate Procedure.

In *Anthony v. Rodgers*, No. W2002-01240-COA-R3-CV, 2003 WL 22213208 (Tenn. Ct. Appeals Sept. 23, 2003), the Court held that this Court, and not the Circuit Court of Shelby County, could properly exercise subject matter jurisdiction over the trial court's custody determination. *Id.* at \*2. The general law promulgated by our legislature establishes that jurisdiction of appeals in custody matters is to the Court of Appeals. When a private act or rule of court is in conflict with the general statute, the private act or rule must give way in favor of the general act. *Nichols v. King*, 190 Tenn. 573, 230 S.W.2d 1006, 1011 (1950); *Richie v. Liberty Cash Grocers, Inc.,* 471 S.W.2d 559, 562 (Tenn. Ct. App. 1971). Rule 15 of the local rules of the juvenile court provides that "any disposition of a child, except transfer of a juvenile to criminal court to be dealt with as an adult, shall be to the circuit court." Acting on this rule, the Appellant appealed to the circuit court. As noted, the trial court dismissed the appeal, rightfully holding that the trial court did not have jurisdiction, based upon T.C.A. § 37-1-159 (g). We agree that the trial court did not have jurisdiction to hear the appeal in this case. However, the trial court, instead of dismissing the appeal, should have transferred the appeal to the Court of Appeals.

In *In Re: Estate of White*, 77 S.W.3d 765 (Tenn. Ct. App. 2001), this Court was dealing with an appeal from the Giles County General Sessions Court, exercising probate jurisdiction, and the appeal was mistakenly taken to the Chancery Court for Giles County. The trial court determined that it lacked appellate jurisdiction to review the decisions of the Giles County Probate Court with regard to the probate of a will and dismissed the appeal. This Court said:

However, the trial court erred by dismissing the portion of Ms. White's petition seeking appellate review of the probate court's decisions. When a case has been appealed to the wrong appellate court, Tenn. Code Ann. § 16-4-108(a)(2) provides that it should be "transferred to the court having jurisdiction thereof." Relying on this statute, the Tennessee Supreme Court vacated a judgment affirming a circuit court's dismissal of an appeal from a probate court and then remanded the case with directions that it be transferred to this court.

> In re Estate of Williams, Madison Law (Order granting Tenn. R. App. P. 11 application and amending judgment) (Tenn. Nov. 18, 1985). Accordingly, on remand, the trial court is directed to enter an order transferring Ms. White's petition for appellate review to this court for further proceedings.

*Id.* at 769.

The record reflects that the appeal to the circuit court from the juvenile court was timely, and the appeal should have been transferred to the Court of Appeals. Accordingly, the order of the circuit court dismissing the appeal is vacated, and the case is remanded to the circuit court with directions for the circuit court to enter an order transferring the appeal to the Court of Appeals. When the case is again docketed in this Court, Appellant may rely upon his brief filed in this appeal, upon notifying the clerk of the Court that he will do so. Costs of this appeal are assessed against the Appellant, Lee T. Myers, and his surety.

_____
W. FRANK CRAWFORD, PRESIDING JUDGE, W.S.