WM. HATCHER and JACK LEA v. THE STATE.

1. CONSTITUTIONAL LAW. *Selling liquors. Incorporated institutions of learning.* The act of 1877, ch. 23, known as the four-mile law, forbidding sale of liquors within four miles of an incorporated institution of learning, is constitutional.

2. SAME. The act of 1883 amending the act of 1877 so " that this act shall not apply to the sale of such liquors within the limits of any incorporated town, except it be within the limits of corporations organized under the act of 1882, ch. 127, known as taxing districts of the second class, to which it shall apply and within which such sales shall be unlawful," is unconstitutional as a partial and not a general law.

FROM WILSON.

Appeal in error from the Circuit Court of Wilson county.   ROBERT CANTRELL, J.

W. H. WILLIAMSON for Hatcher and Lea.

ATTORNEY-GENERAL LEA for the State.

FREEMAN, J., delivered the opinion of the court.

In these cases the parties are indicted for selling liquor within four miles of an incorporated institution of learning, in one count, and in the other for selling without license.

They have been convicted on both counts by a jury, judgment rendered in accord with the finding of the jury, and have appealed in error to this court.

The cases are brought here as one object to test the constitutionality of the act of 1877, ch. 23, known as the "four-mile-law," forbidding the sale of intoxicating liquors within four miles of an incorporated institution of learning, the second section forbidding the act shall not apply to sale of liquors within the limits of an incorporated town. This is the first question. ·

We do not deem it necessary to say more on this question than that we have arbitrarily decided this law to be valid in the case of the *State* v. *Rauscher,* 1 Lea, 97, which decision has been recognized and followed ever since, and we see no cause to review the question or overrule the opinion therein expressed.

The main question, however, raised, and one not passed on as yet by this court, is the constitutional validity of the act of 1883 amending the act of 1877— that amendment is as follows: "That this act shall not apply to the sale of such liquors within the limits of any incorporated town, except it be within the limits of corporations organized under the act of 1882, ch. 127, known as taxing districts of the second class,

24—VOL. 12

to which it shall apply, and within which such sales shall be unlawful," etc.

The effect of this amendment to the act of 1877, is to continue the right of sale in all corporate towns existing and living under other charters of incorporations than those provided for by the act of 1882, ch. 127, known as taxing districts of the second class, and to prohibit such sale in these last corporations alone.

We have repeatedly held that taxing districts are but municipal corporations under a different name, with powers as modified in the acts creating them: *Luehrman* v. *Taxing District*, 2 Lea, 425; *O'Connor* v. *City of Memphis*, 6 Lea, 730: *Lea* v. *State*, 10 Lea, 478. Lebanon is a taxing district of the second class, and the liquor was sold within its limits since its organization as a corporation of that character.

The ground on which the act of 1877 was held to be a law of the land, and therefore constitutional, was, that the act extended to and embraced all persons who are, or may come into the like situation and circumstances, by which, we take it, was meant, to all the incorporated towns of the State. While it is not clear that was not, (to say the least of it), to carry the principle to the verge of the law, yet that law may stand on the ground indicated as a police regulation. But that principle does not cover the amendment now before us. This is not a law governing all the municipal corporations of the State, but only such as are organized under the act of 1882. The effect of the law is better seen, perhaps, by putting it in the affirmative and negative form as to the

two classes of corporations, that is, that in all corporations under charters other than such charters as are provided for by the act of 1882, it shall be lawful to sell spirituous liquors within four miles of an incorporated institution of learning, but in such as are organized under that act, and since that date, having the form of organization known as a taxing district, it shall not be lawful.

It is seen that the prohibition is not applicable to all municipal corporations of the State, but is confined only to a few with exceptional charters.   It would be as well to say it shall be lawful to sell liquors in all counties of the State except those organized since the Constitution of 1870, or in any one of the original civil districts of the county, but as to all newly laid-off civil districts in the various counties of the State, such sale shall be prohibited.    This is beyond the competency of the Legislature to do, is a parctial and not a general law in any sense of these words, and therefore not a law of the land under the Constitution.    A law of the land was defined in the case of *Budd* v. *The State,* 3 Hum., 490, "a rule still embracing and affecting all persons in general,. or all persons who exist or may come into a like state and circumstances."  "A partial law, on the contrary," says Jndge Reese, "embraces only a portion of those persons who exist in the same state and are surrounded by like circumstances."   In illustration of such a law he gives a law creating certain act ot *nonfeasance* or malfeasance of the Register of West Tennessee, although a public officer, a felony, leaving the Registers of Middle and

East Tennessee unaffected by it. This law would be void, because it would not treat similarly all who are in like circumstances—it would therefore be partial. While we may concede the case in 3 Humphreys and the case before us are not identical, nevertheless the principle announced is conclusive against the amendment now under consideration, as it is certain the rule given is not applicable to all corporations of the State, and this alone can bring it under the case of *Rauscher* v. *The State,* 1 Lea, that case certainly carrying such exceptional legislation to the fullest extent permissible. With the policy of this character of legislation we have nothing to do. We have to do only with the validity of the enactment when brought before us for adjudication.

We are compelled to hold this amendment not the law of the land, therefore void.