## JOHN  BURKHOLTZ  *v.*  THE  STATE.

1. CLASS LEGISLATION.  An act, which by its terms "shall not apply to counties having a population of not less than seventy-five thousand inhabitants," etc., is partial or class legislation, and therefore void.

2. STATUTE.  *Part void.  Effect on residue.*  Where only a part of a statute is void, and the residue so dependent and connected with the void part that it can not be presumed that the Legislature would have passed the one without the other, then both are void.

### FROM  DAVIDSON.

Appeal in error from the Criminal Court of Davidson county.   MATT. W. ALLEN, J,

VERTREES & VERTREES for Burkholtz.

ATTORNEY-GENERAL LEA for the State.

COOKE, J., delivered the opinion of the court.

The defendant has been indicted and convicted of unlawful gaming in the criminal court of Davidson county, and has appealed to this court.   The gaming of which he was convicted was making a *book bet*, made by him in Davidson county, of a certain amount of money upon a horse-race upon a race-course in the State of Kentucky.

By an act of the Legislature, approved April 6, 1885, chapter 158, it was provided as follows:  Section 1. "It shall not hereafter be unlawful for any person, company, association or corporation owning or keeping

up *bona fide* a race-track or race-course in this State, to bet or wager by making pools, combinations and book bets on trotting, pacing or running races, trotted, paced or run thereon, or on any track or course in the United States, made . and kept for that purpose; nor shall it be unlawful to buy such pools, combinations and book bets, provided the same are made and sold in the county where the race-track or race-course of the person making the same is situated; and provided, further, that it shall not be lawful to make and sell said pools, combinations or book bets to minors and drunken men."

Section 2. "This act shall not apply to counties having a population of not less than seventy-five thousand inhabitants, by the United States census last taken, just preceding the date of the offense charged, prohibited by this . act."

The Nashville Blood-horse Association is a body corporate, owns and keeps a regularly licensed race-track in Davidson county, and the defendant was its secretary, and as such, took or made said bet for said company; and the track upon which the race was run was a regular track or race-course in that State.

Prior to the passage of the act in question, selling pools or betting upon a horse-race ran out of the State, was unlawful gaming: *Edwards* v. *State*, 8 Lea, 411. And whether or not it is still so depends on the above cited act. Davidson and Shelby counties are and were at the time of its passage and the time of making said bet, the only counties in the

State which, by the last United States census, had a population of over seventy-five thousand inhabitants. By the express terms of the second section of this act, these two counties were excluded from its operation. Whether so intended or not, by the Legislature, may be a question, but can make no difference, as it was manifestly intended, either to exclude these two counties, or else to exclude all the other counties in the State but these, from its operation. Taking the meaning of said act, according to its literal terms, it is insisted that said second section is what is termed partial or class legislation, and is in violation of Article XI., section 8, of the Constitution of Tennessee, and is therefore void. This is conceded by the attorney-general, and is too clear for argument: 14 Lea, 520.

But it is very earnestly insisted and elaborately argued, by the defendant, that the effect of this holding must be to leave the first section of the act in full force, disincumbered of the provisions of the second section, which, by its terms, expressly made such betting unlawful in Davidson county, and hence, extends the first section to all the counties in the State, and makes the taking such bets *lawful* in the peculiar phraseology of the act, *not unlawful* in Davidson as well as all the other counties of the State. One portion of an act of the Legislature may be void, and another portion of the same act valid, but this must depend upon a consideration of the object of the law, and in what manner and to what extent the unconstitutional portion affects the remainder:

Cooley's Const. Lim., 214; Sedg. on Stat. and Const. Law, 413; 4 Baxt., 185.

"Where," says Chief Justice Nicholson, in the case last cited, "a part only of a statute is void, and the residue so dependent upon and connected with the void part that it can not be presumed the Legislature would have passed one without the other, then both are void," citing Sedg., *ubi supra;* 5 Gray, 482; 25 Conn., 250.

It can make no difference that the different parts of the statute are in different sections, for the distribution into sections is purely artificial: Cooley's Const. Lim., 215.

Tested by these rules, we think it is very clear that the Legislature did not intend the provisions of said act to extend or apply to all the counties in the State, and would not have passed the act if they had understood it as applying to the entire State, which is evidenced by the incorporation into it of the second section, the only provision and object of which was to exclude from its operation the two largest and most populous counties of the State.

We are, therefore, of opinion, that this second section is so connected with the first, which is made so dependent upon it that the first section can not stand without a manifest perversion of the purpose and intent of the Legislature, and that the whole act, therefore, is void. The consequence is, that the conviction is proper, and the judgment must be affirmed.