SANDFORD *et al. v.* PEARSON *et al.*

(*Jackson*, April Term, 1950.)

Opinion filed June 9, 1950.

CLARKE, NORRIS & MATHERNE, of Brownsville, for complainant.

BOND & HAYWOOD and GRAY & GRAY, of Brownsville, for defendant in error.

Mr. Justice Gailor delivered the opinion of the Court.

The bill in this cause was filed under the ''Declaratory Judgments Act'', Williams' Code, Section 8835 et seq., to test the validity and constitutionality of Chapter 756 of the Private Acts of 1949, which undertakes to regulate the transportation, sale and possession of beer in Haywood County. The complainants are certain citizens and taxpayers of Haywood County, who are presently licensed to sell beer in said County, and the defendants are the County Judge and Trustee, members of the County Beer Commission, the County Election Commissioners, and certain private citizens who had signed a petition to hold an election under the provisions of Chapter 756 of the Private Acts of 1949. Because a constitutional question was involved, the Attorney General of the State was also made a party defendant. The defendants answered the bill and the complainants took proof. The defendants took no proof, and with the rec-

ord in this state, the cause was presented to the Chancellor, who upheld the validity and constitutionality of the Act, and the complainants have perfected their appeal.

To support their appeal, the complainants have made a number of assignments of error, but we find it necessary to consider only the third assignment, by which it is insisted that the Private Act violates Section 8 of Article 11, of the Constitution, and the fourth assignment, by which it is insisted that the Private Act violates Article I, Section 8, of the Constitution.

The caption of the Act, which sufficiently states its purpose and effect, is as follows:

"An Act to provide for the holding of local option elections in counties in this State with a population of not less than 27,650, nor more than 27,750, by the Federal Census of 1940, or any subsequent Federal Census, to ascertain the will of the people upon the sale, possession and transportation of beer, to provide for the details of holding and canvassing the returns of such election and to prohibit the sale, possession or transportation of beer in case of the vote favoring the prohibition thereof."

By Chapters 69 and 115 of the Public Acts of 1933, the Legislature undertook to pass a general law or Code to regulate and restrict the manufacture, sale, transportation and possession of beer throughout all the counties of the State. This general law has been amended by subsequent legislation, but there has been no amendment, save the one presented in this appeal, which undertook to amend this general law by Private Act.

This general law does not confer any absolute right on the citizens of Tennessee, to manufacture, sell, transport or possess beer, but is a local option statute,

*Grubb* v. *Mayor, etc.,* 185 Tenn. 114, 203 S. W.. (2d) 593, whereby the governing bodies of cities and the Quarterly County Courts of counties, may regulate the manufacture, sale, transportation and possession of beer even to the extent of prohibition. *Howard* v. *Christmas,* 180 Tenn. 519, 524, 176 S. W. (2d) 821; *Ketner* v. *Clabo, Mayor,* 189 Tenn. 260, 225 S. W. (2d) 54.

By the Private Act presented on this appeal, the purpose and effect of which is sufficiently evidenced by the caption as quoted, conditions for the manufacture, sale, transportation and possession of beer in Haywood County, are superimposed on those set out in the general law. That this Private Act so amends and abrogates the general law in Haywood County for the special benefit or to the special detriment of the citizens of Haywood County, is not debatable in view of the express language of the first sentence of Section 3, which is:

"That in case a majority of the voters voting in said election shall favor the sale of beer, then the same shall be allowed as now or hereafter provided by general law and under the same restrictions as now or hereafter may be placed thereon."

 The effect of this amendment is to say that if a majority of the voters in Haywood County vote in the affirmative, Haywood County shall come under the general law.

"We see no difference in principle between making the operative efficacy of an act of the Legislature dependent upon the contingency of a favorable vote of the whole constituency of the state (which we have seen cannot be done) and making the efficacy of an act dependent upon the favorable vote of a single county, and there is none. . . .

"On these grounds we are of the opinion that, under our Constitution, no legislative act can be so framed as that it must derive its efficacy from a popular vote." *Wright* v. *Cunningham,* 115 Tenn. 445, 467-468, 91 S. W. 293,. 298. Compare *Clark* v. *State ex rel. Bobo,* 172 Tenn. 429, 113 S. W. (2d) 374, 782.

In our reported decisions, so numerous have been the assaults on Private Acts under Article I, Section 8, "The Due Process Clause," and Article 11, Section 8, "The Partial Legislation Clause," of the Constitution, that to consider them all would be impossible in a single opinion. As we define the present Act, while it does incidentally affect Haywood County in its governmental function, its primary purpose is to regulate under the police power, the citizens of Haywood County in their private rights to sell, transport and possess beer, when those private rights are already governed, regulated and limited by general statutory law, Code, Sections 1191.1-1191.20.

"It is further insisted that the act here involved was designed to affect the county in its political and governmental capacity. While it may so affect the county, as most statutes limited to a particular county do, nevertheless, if it primarily affects the rights of the citizens, without affecting others in like condition elsewhere in the state, it is invalid." *State ex rel. Hamby* v. *Cummings,* 166 Tenn. 460, 464, 63 S. W. (2d) 515, 516.

Our cases make a clear distinction between (1) Private Acts which confer special benefits and impose special burdens on the citizens of one county, when there is no general statute, and when before the Private Act, there was only the common law, and (2) those Private Acts which undertake to amend or abrogate a prior general

statute in its application to a particular county or class of counties. Private Acts of the former class have been upheld, and those of the latter class struck down.

As illustrating a Private Act of the first class, is that considered in the case of *Darnell* v. *Shapard*, 156 Tenn. 544, 3 S. W. (2d) 661, which is discussed by both parties in their briefs on this appeal. In the Darnell case, there were under attack, certain Private Acts of the Legislature which undertook to regulate the keeping of dogs in certain counties. At the time of the passage of these Private Acts, there was no general statute which, under the police power, undertook to regulate the keeping of dogs in all the counties of the State, so the Private Acts were upheld, and the delegation of the special power to the counties approved because the delegation did not abrogate or amend any general statute.

As illustrating the Private Acts of the second class, and announcing the rule which controls the present case, is the decision of *Hatcher & Lea* v. *State*, 80 Tenn. 368. In this case the Court had under review, an amendment of 1883, to the "four mile" liquor law previously passed in 1877. By the amendment, the Legislature undertook to remove the exemption of certain incorporated towns from the provisions of the "four mile" law, which was a general statute applying alike to all the counties and all the incorporated towns of the State. This Court struck down the amendment of 1883, and said in the course of the opinion by Judge Freeman:

"It is seen that the prohibition is not applicable to all municipal corporations of the State, but is confined only to a few with exceptional charters. It would be as well to say it shall be lawful to sell liquors in all counties of the State except those organized since the Constitution

of 1870, or in any one of the original civil districts of the county, but as to all newly laid-off civil districts in the various counties of the State, such sale shall be prohibited. This is beyond the competency of the Legislature to do, is a partial and not a general law in any sense of these words, and therefore not a law of the land under the Constitution." *Hatcher & Lea* v. *State,* 80 Tenn. 368, 371.

*Hatcher & Lea* v. *State, supra,* was last approved by this Court in *State ex rel. Smith* v. *Chattanooga,* 176 Tenn. 642, 644, 144 S. W. (2d) 1096.

Again, in *Burkholtz* v. *State,* 84 Tenn. 71, an Act which undertook to legalize betting on horse racing in counties having a population of more than 75,000, was struck down because it violated Article 11, Section 8, was "partial legislation" and undertook to amend the general statute which forbade such betting.

Illustrations of this same principle could be multiplied by citing cases where Private Acts attempting to amend or abrogate the "Anti-fee Bill" or the "General Education Law," have been struck down by this Court.

Although no mention is made of it in the caption, Section 3, of the Private Act before us here, defines a crime which, if the Act be put in operation, would be "partial" to Haywood County.

"In case a majority of the voters voting in such election shall oppose the sale of beer, then from and after the first day of the second month next following the date of such election, it shall be unlawful to sell, transport or possess beer in such County and any person found guilty thereof shall be guilty of a misdemeanor and punishable accordingly." Section 3, Chapter 756, Private Acts of 1949, p. 2297.

■ ■ This clearly violates Article 11, Section 8, of the Constitution, *State* v. *Kirby*, 136 Tenn. 386, 189 S. W. 859; *State* v. *Turnpike Co.*, 133 Tenn. 446, 181 S. W. 682, and the Act contains no "saving or rescue" clause from which we would be justified in an inference that without this objectionable penalty, the Legislature would nevertheless, have passed the Act. *Burkholtz* v. *State, supra; Daniel* v. *Larsen*, 157 Tenn. 690, 12 S. W. (2d) 386. The effect of this provision is to permit the citizens of Haywood County, by a majority vote, to enact a criminal statute. The enactment of criminal laws is a function exclusively vested in the Legislature by the Constitution, *Daniel v. Larsen, supra.*

■ It remains to consider whether, under Article I, Section 8, and Article 11, Section 8, which taken together, represent the State's expression of the XIV Amendment of the Federal Constitution, the classification of Haywood County with regard to the sale of beer as being unique and distinguishable from the same legislative problem as it presents itself in the other 94 counties of the State, is a reasonable or an arbitrary classification. We are sensible of the rule that:

"When the classification in such a law is called in question, if any state of facts reasonably can be conceived that would sustain it, the existence of that state of facts at the time the law was enacted must be assumed." *Motlow* v. *State*, 125 Tenn. 547, 559-560, 145 S. W. 177, 180, L. R. A. 1916F, 177.

■ Giving our obligation of judicial notice its most elastic exercise, we can imagine no basis on which to distinguish any aspect of the beer problem in Haywood County, from the same problem in the other counties of the same or similar size throughout the State. In

the Act passed, the Legislature makes no attempt to justify the classification, and that justification was a legislative, not a judicial function. Justice Cook's dissenting opinion, *Darnell* v. *Shapard,* 156 Tenn. 544, 566, 3 S. W. (2d) 661.

Under the foregoing authorities for the reasons stated, we are forced to hold that Chapter 756 of the Private Acts of 1949, is unconstitutional as violating Article I, Section 8, and Article 11, Section 8, of the State Constitution. The decree of the Chancellor is reversed and the cause remanded for entry of a decree in conformity with this opinion, and for a permanent injunction. Since the question here determined was in the public interest, costs are adjudged against the defendants, County Judge and County Trustee, that costs may be paid out of County funds.

All concur.