## SCHNEIDER v. SCHNEIDER et al.—260 S. W. (2d) 290

Western Division at Jackson. November 24, 1952.

Petition for Certiorari denied by Supreme Court, June 5, 1953.

1

Armstrong, McCadden, Allen, Braden & Goodman, of Memphis, for appellant.

Burch, Porter & Johnson, of Memphis, for appellee.

SWEPSTON, J. Mrs. Schneider filed her bill for divorce alleging acts of cruel and inhuman treatment, on

which she sought an absolute divorce, alimony and child support for their children in esse and for one in posse with which latter she was then pregnant. Her husband filed a substantial answer and the divorce Proctor of Shelby County filed his usual general answer.

After a full hearing the Court awarded her an absolute divorce, alimony and child support for the children in esse, and retained the cause for future orders that may be necessary with reference to the expense of birth and support of the unborn child.

The Proctor filed a petition for modification of the decree from an absolute divorce to a divorce from bed and board, until after the birth of the child. It is alleged in said petition that the only proper exercise of discretion would be to grant a divorce from bed and board, as otherwise the child would in effect be born out of wedlock. This petition was disallowed.

The Proctor only has prayed and been granted an appeal and has perfected same.

The sole determinative question raised by the Proctor's assignments is this—Is it as a matter of law an abuse of discretion for a trial judge to grant an absolute divorce to a pregnant woman?

Stated otherwise—Does public policy require that only a divorce from bed and board can be granted a pregnant woman, until after the birth of the child after which, of course, it may be made absolute?

Preliminary, however, to treatment of this question is the motion of Mrs. Schneider to dismiss the Proctor's appeal on the following grounds:

(1) The question was rendered moot by the birth of the child on March 10, 1952 and the remarriage of the parties on August 9, 1952, pending the hearing in this Court;

(2) The Proctor has no sufficient status or interest to perfect or prosecute this appeal.

. The above motion must be disposed of first.

As a general rule this motion would be granted on the first ground, but under the second ground are raised two questions of general public interest (a) that the divorce Proctor act does not empower him to appeal a question of this kind and (b) if the act be construed otherwise, it is unconstitutional.

Accordingly, it is proper for this Court to decide these two questions. State ex rel. Scandlyn v. Trotter, 153 Tenn. 30, 34, 281 S. W. 925; McCanless v. Klein, 182 Tenn. 631, 637, 188 S. W. (2d) 745.

Also, under the 1951 amendment to Code Section 10618 this Court has jurisdiction, except where the constitutionality of a statute or ordinance is the sole determinative question.

■■ The original Act of 1915, ch. 121, which we need not quote, is apparently quite limited in the *powers* conferred upon the Proctor by Section 4 to having witnesses including the parties subpoenaed and to examining them on the trial.

That Act was amended, however, by Acts 1945, ch. 109;

"* * * so as to authorize and empower the Divorce Proctor, in his discretion, to perfect an appeal, appeal in the nature of a writ of error, or a writ of error from decree of any lower Court in a divorce case where in the opinion of the Divorce Proctor, the general Welfare justifies and warrants his taking such appeals".

The insistence of movant is that the Proctor is entitled to appeal only as to matters covered by the powers granted him by the original Act.

We are unable to agree with this view. We can conceive of no broader language or statement of the power to appeal etc. than appears in the Act; he has the power whenever in his judgment the general welfare justifies and warrants it. The amendment was obviously enacted to supply the apparent deficiency of the original Act. It has been so construed implicitly by both of our Appellate Courts in the several cases the Proctor has brought up for review involving important questions of public interest and affecting the public welfare of the citizens of Shelby County, not the least of which is Hamm v. Hamm, 30 Tenn. App. 122, 141, 204 S. W. (2d) 113, 175 A. L. R. 523 (a case tried by the writer and an exhaustive opinion of the Court of Appeals by Anderson, P. J.).

We hold therefore that the Proctor has the power under this amendment to take up for review any question from any lower court in a divorce proceeding where in his judgment the public welfare justifies or warrants it, unless the same is invalid.

Next it is insisted, if we so hold as above we do, the Act is unconstitutional, because, it is said, it primarily affects the rights of the citizens of the county or counties to which it applies, without affecting others in like condition elsewhere in the State in violation of Sec. 8, Art. 11 of the Constitution.

Specifically in the instant case, it is said, Mrs. Schneider is put to delay, anxiety and expense of counsel to represent her on appeal.

Counsel relies upon the cases like State ex rel. Scandlyn v. Trotter, supra; State ex rel. v. Cummings, 166 Tenn. 460, 63 S. W. (2d) 515, and cases cited therein.

If the validity of the original Act had not been settled, we no doubt would feel it proper to go into detail as to the cases relied on. But we think the validity of the amend-

atory Act allowing an appeal by the Proctor is settled by the case which upheld the original Act. Wilson v. Wilson, 134 Tenn. 697, 185 S. W. 718, 719.

On the point here involved it was there said:

"This statute was not designed immediately to affect the rights of the citizen. Organized society is vitally interested in the preservation of the marriage relation. Fraudulent and unwarranted divorces tend to corrupt the morals of the community. The statute on its face declares its purpose to be the protection of society and the preservation of the sanctity of the marriage relation. It cannot be denied that legislation on these subjects chiefly involves governmental and political questions. While the rights of individuals are incidentally affected, the dominant purpose of the statute was to accomplish good for the county as a body politic".

We think it obvious that the amendatory Act is but an extension of the effort to accomplish the purposes of the original Act by augmenting the power of the Proctor to the end that justice may be attained and the public welfare safeguarded. It does not affect the grounds of divorce in any way, confers no personal benefit on the Proctor, is not designed primarily to affect the individuals of the county and only does so incidentally. The only difference between the burden of the original Act requiring the payment of $5 fee to the Proctor and the burden complained of here is one of degree. Moreover the successful party below is in no worse position than she would have been if the husband had appealed, especially if he could have appealed on the pauper's oath. In fact it is often the case that the defendant is agreeable to a divorce and hence makes no defense and does not desire to appeal, so that but for the intervention of the

Proctor either initially, or on appeal, or both, the entire proceeding might be fraudulent in counties of large population where the facts of the case are not generally known.

There is no fraud in the instant case, but the validity of the Act is not to be determined on this case alone but by the broad purpose at the foundation of the entire Act —the public welfare of a large county.

The distinction between this Act before the amendment and the procedural statute in Nichols v. King, 190 Tenn. 573, 230 S. W. (2d) 1006, applies, we think, equally to the Act as amended. The necessary effect of the private Act in that case was to create a statute of limitations for the citizens of the county to which it was applicable, different from that of all other counties, so that the primary purpose was not governmental or political, whereas the Proctor Act is for the public welfare, the original Act is not entirely efficacious without the amendment and the effect of the amendment on the individual is not primary and inevitable but only incidental and never arises at all except in the cases where the Proctor deems an appeal desirable. We may remark that, in addition to the presumption that the Proctor will not abuse his power, he receives no extra compensation nor any expense account for taking an appeal and attending the appellate courts. We therefore hold the amendment is constitutional.

As to the merits of the appeal we shall pass on the questions raised despite their being moot, because they are of public interest in the administration of the divorce law.

As we have above stated, the only question is whether as a matter of law it is an abuse of discretion for the Court to decree an absolute divorce to a wife during pregnancy.

The appeal is here on the technical record, there being no bill of exceptions. We must therefore assume that the decree of the Chancellor is supported by the evidence which was heard upon oral evidence, unless as a matter of law the Court was without discretion to grant an absolute divorce.

The insistence of the Proctor is that it is contrary to public policy to decree other than a divorce from bed and board and the brief contains an extended argument why this may be true.

However, the Statute, Code Section 8427, simply provides:

"The following shall be causes of divorce from bed and board; or from the bonds of matrimony, in the discretion of the court: * * *", among which are cruel and inhuman treatment.

In order to sustain appellant's insistence we should have read into this section of the divorce statute, as well as into the section which states the grounds for divorce a vinculo, Code, Sec. 8426, an exception in the case of a pregnant woman which appears in no part of the divorce statute. This we cannot do, because divorce in this State is purely statutory and the statute itself expresses the public policy of the State.

We therefore overrule appellant's assignments of error, a decree will be entered here affirming the decree below with costs against appellant.

Anderson, P. J., and Baptist, J., concur.