# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### FEBRUARY SESSION, 1997

FILED

July 23, 1997

Cecil W. Crowson
Appellate Court Clerk

JEFFREY LYNN BUSH,     )
                       )
    Appellant          )
                       )   No. 01C01-9605-CR-00204
                       )
vs.                    )   DAVIDSON COUNTY
                       )
                       )   Hon. J. RANDALL WYATT, JR., Judge
STATE OF TENNESSEE,    )
                       )   (Habeas Corpus)
    Appellee           )


For the Appellant:

**SHAWN A. TIDWELL**
Stanton, Tidwell & Mendes, PLLC
Cummins Station, Suite 507
209 Tenth Avenue South
Nashville, TN  37203

For the Appellee:

**CHARLES W. BURSON**
Attorney General and Reporter

**DARYL J. BRAND**
Assistant Attorney General
Criminal Justice Division
450 James Robertson Parkway
Nashville, TN 37243-0493


**VICTOR S. (TORRY) JOHNSON III**
District Attorney General

**KATRIN N. MILLER**
Asst. District Attorney General
Washington Sq., Suite 500
222-2nd Ave.  N.
Nashville, Tn  37201-1649


OPINION FILED: _____


AFFIRMED


**David G. Hayes**
Judge

**OPINION**

The appellant, Jeffrey Lynn Bush, appeals the order of the Davidson County Criminal Court dismissing his petition for writ of habeas corpus. In May 1994, the appellant was convicted in the Sumner County Criminal Court of attempted first degree murder. Presently, the appellant is confined at the Riverbend Maximum Security Institution in Davidson County, where he is serving a fifteen-year sentence for this conviction. In August, 1995, the appellant filed a petition for writ of habeas corpus. On November 21, 1995, the trial court entered an order denying the appellant's petition.

On appeal, the appellant alleges that his sentence is void because:

I. his sentence is indeterminate and, thereby, violates Tenn. Code Ann. § 40-35-211 (1989); and

II. his sentence violates the separation of powers clause of the Tennessee Constitution.[1]

## I. Indeterminate Sentences

The appellant first contends that the release eligibility provisions under Tenn. Code Ann. § 40-35-501 (1989) create indeterminate sentences, which are prohibited by Tenn. Code Ann. § 40-35-211.[2] He bases this allegation on the

---

[1]These identical issues have previously been addressed in other decisions by this court. See, e.g., Massengill v. State, No. 01C01-9605-CR-00191 (Tenn. Crim. App. at Nashville, May 16, 1997); Steele v. State, No. 01C01-9512-CC-00409 (Tenn. Crim. App. at Nashville, Apr. 30, 1997); Bryant v. State, No. 01C01-9605-CR-00190 (Tenn. Crim. App. at Nashville, Apr. 24, 1997); Childs v. State, No. 01C01-9604-CR-00164 (Tenn. Crim. App. at Nashville, Apr. 24, 1997); Tollett v. State. No. 01C01-9605-CR-00180 (Tenn. Crim. App. at Nashville, Apr. 24, 1997); Baker v. State, No. 01C01-9604-CR-00129 (Tenn. Crim. App. at Nashville, Feb. 20, 1997); Merrell v. State, No. 01C01-9604-CR-00147 (Tenn. Crim. App. at Nashville, Feb. 20, 1997). In Massengill, No. 01C01-9605-CR-00191, this same panel reviewed issues identical to those *sub judice* with accompanying indistinguishable briefs.

[2]Tenn. Code Ann. § 40-35-211 provides, in pertinent part:

"In fixing a sentence for a felony or misdemeanor, the court shall impose a specific sentence length for each offense.

(1) Specific sentences for a felony shall be for a term of years or months or life, if the defendant is sentenced to the department of correction . . . . There shall be

discretionary authority of the Board of Paroles to either grant or deny parole. Thus, he argues, because the decision of the Board to grant or deny him parole is uncertain, his sentence is indeterminate.

The fact that parole results in an inmate being released from confinement does not result in terminating the original sentence imposed by the sentencing court. Howell v. State, 569 S.W.2d 428, 433 (Tenn. 1978). Parole does not cause the sentence to expire or terminate, but is merely a conditional release from confinement. See Doyle v. Hampton, 340 S.W.2d 891, 893 (1960); see also Merrell, No. 01C01-9604-CR-00147. The appellant confuses the terms "sentence" and "parole." Indeed, even though released from confinement, the defendant continues in constructive custody until the expiration of the full term of his sentence. Howell, 569 S.W.2d at 433. Thus, the sentence imposed by the sentencing court remains determinate. As the trial court concluded, "[t]he parole board has no authority to determine the term of the sentence, but it does have discretion in deciding how that sentence will be served." This issue is without merit.

## II. Separation of Powers

Next, the appellant alleges that Tenn. Code Ann. §40-35-601(1992) and Tenn. Code Ann. § 40-35-211 (1989), establishing a parole system for eligible inmates, violate the separation of powers clause of the Tennessee Constitution. The appellant argues that the authority of the Board of Paroles to grant or deny parole unconstitutionally encroaches upon the power of the judiciary to impose sentences. Specifically, he argues that the legislature, by enacting Tenn. Code Ann. § 40-35-601, usurped the judiciary's sentencing power and bestowed it

---

no indeterminate sentences. Sentences for all felonies . . . shall be determinate in nature, and the defendant shall be responsible for the entire sentence. . . .

upon the Parole Board, a legislatively created entity.

The doctrine of separation of powers, as set forth in Article II of the Tennessee Constitution, is a fundamental principal of American constitutional government.[3] Town of South Carthage v. Barrett, 840 S.W.2d 895, 897 (Tenn. 1992) (citation omitted).  Our constitution divides the powers of government into three distinct, independent, and coordinate departments, namely, legislative, executive, and judicial, with express prohibition against any encroachment by one department upon the powers, functions, and prerogatives of the others, except as directed or permitted by some other provision of the constitution. Richardson v. Young, 122 Tenn. 471, 491, 125 S.W. 664, 668 (1910).  While it is the province and duty of the judicial department to interpret the law, it is equally the exclusive province of the legislature to formulate polices, mandate programs, and to establish their relative priority, and, once the legislature, exercising its delegated powers, has decided the policy in a given area, it is for the executive department to administer the laws and for the courts to enforce them when enforcement is sought.  Tennessee Valley Authority v. Hill, 437 U.S. 153, 194, 98 S.Ct. 2279, 2301-02 (1978); see also  Richardson v. Young, 122 Tenn. at 493, 125 S.W. at 668.

The setting of punishment is a legislative function.  See  Lavon v. State, 586 S.W.2d 112 (Tenn. 1979); Sandford v. Pearson, 231 S.W.2d 336 (Tenn. 1950).  Inherent within the legislature's function to establish punishment is its authority to promulgate laws devising and establishing a statutory scheme of parole.  Also within the legislature's authority is the ability to create an

---

[3]Article II of the Tennessee Constitution provides:
Sec. 1.  Division of Powers. -- The powers of the Government shall be divided into three distinct departments:  the Legislative, Executive, and Judicial.

Sec. 2.  Limitation of Powers. -- No person or persons belonging to one of these departments shall exercise any of the powers properly belonging to either of the others, except in the cases herein directed or permitted.

administrative agency to oversee and implement the expressed policy and program of the statutes pertaining to parole. Cf. State v. Edwards, 572 S.W.2d 917, 919 (Tenn. 1978).

The authority to grant parole to eligible inmates rests with the Board of Paroles, an agency of the executive branch. Tenn. Code Ann. § 40-28-103, -106. As established by our legislature, the authority to grant paroles is not judicial in nature, but is administrative. Woods v. State, 130 Tenn. 100, 114, 169 S.W. 558, 560 (1914). The administration of the parole system is neither purely judicial, legislative, nor executive, but rather, belongs "to the great residuum of governmental authority, the police power, to be made effective, as is often the case, through administrative agencies." Id. As such, the laws regarding sentencing and paroles do not unconstitutionally confer judicial powers upon executive officers. This issue is without merit.

### III. Conclusion

In Tennessee, habeas corpus relief is only available when a conviction is void because the convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence has expired and he is being illegally restrained. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993). In the present case, the appellant's allegations, even if true, would not render his convictions void, but merely voidable. The appellant has failed to establish that the sentencing court was without jurisdiction or authority to sentence the appellant, nor is there any proof that his sentence has expired. Accordingly, we conclude that the petition for a writ of habeas corpus was properly dismissed. The judgment of the trial court is affirmed.

_____
DAVID G. HAYES, Judge


CONCUR:


_____
GARY R. WADE, Judge


_____
CURWOOD WITT, Judge