IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs April 23, 2014

**LEROY WILLIAMS v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Knox County**
**No. 100372      Steve Sword, Judge**

**No. E2013-02025-CCA-R3-HC - Filed May 7, 2014**

Petitioner, Leroy Williams, appeals the denial of his petition for writ of habeas corpus regarding his conviction for being a habitual drug offender pursuant to Tennessee Code Annotated section 39-6-417(d).[1]  The trial court sentenced petitioner as a Range II offender to a forty-five-year sentence to be served in confinement. Petitioner argues that the judgment of the trial court was void due to a defective presentment. He also claims that the trial court had no jurisdiction because it erroneously classified him as a habitual drug offender and because it erroneously applied a sentencing enhancement.  Following our review, we affirm the habeas corpus court's denial of the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROGER A. PAGE, J., delivered the opinion of the court, in which THOMAS T. WOODALL and ALAN E. GLENN, JJ., joined.

J. Liddell Kirk, Knoxville, Tennessee, for the appellant, Leroy Williams.

Robert E. Cooper, Jr., Attorney General and Reporter; Clarence E. Lutz, Senior Counsel; Randall Eugene Nichols, District Attorney General; and Leland Price, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

Petitioner was convicted as a habitual drug offender based on thirty-two instances of illegal conduct and seven prior convictions, and he was sentenced to forty-five years in confinement. *See State v. Leroy Williams*, C.C.A. No. 1229, 1989 WL 98091, at *1 (Tenn.

_____

[1] Tennessee Code Annotated section 39-6-417 was repealed by the state legislature in 1989, as part of a general revision of the Tennessee criminal statutes and sentencing provisions.

Crim. App. Aug. 24, 1989). This court affirmed petitioner's convictions on direct appeal. *Williams*, 1989 WL 98091, at *1. Petitioner also unsuccessfully sought post-conviction relief. *Leroy Williams v. State*, No. 03C01-9209-CR-00306, 1993 WL 243869, at *4 (Tenn. Crim. App. July 6, 1993). Petitioner filed the instant petition for writ of habeas corpus on September 26, 2012. The habeas corpus court denied relief on August 7, 2013. On appeal, petitioner argues that the grand jury's presentment was legally defective because it "did not properly notify him of the elements of the offense" and that the trial court "lacked jurisdiction due to erroneous classification as a habitual drug offender and erroneous sentencing enhancement."

"[T]he grounds upon which habeas corpus relief will be granted are narrow." *Hickman v. State*, 153 S.W.3d 16, 20 (Tenn. 2004) (citing *Dixon v. Holland*, 70 S.W.3d 33, 36 (Tenn. 2002)). Habeas corpus relief is available to a petitioner only in the limited circumstances when the judgment is void on its face or the petitioner's sentence has expired. *Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2000). "'A void judgment is one in which the judgment is facially invalid because the court did not have the statutory authority to render such judgment.'" *Id.* (quoting *Dykes v. Compton*, 978 S.W.2d 528, 529 (Tenn. 1998)). Conversely, a voidable conviction or sentence appears facially valid and requires the introduction of proof beyond the face of the record or judgment to determine its deficiency. *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999) (citing *Dykes*, 978 S.W.2d at 529). The proper method for attacking a voidable judgment is by a petition for post-conviction relief, not habeas corpus. *Id.* (citing *State v. McClintock*, 732 S.W.2d 268, 272 (Tenn. 1987)). The court's decision with respect to a petition for a writ of habeas corpus is a question of law that we review de novo without a presumption of correctness. *Hart*, 21 S.W.3d at 903. In habeas corpus proceedings, a petitioner must establish a void judgment or illegal confinement by a preponderance of the evidence. *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994).

I. Presentment

In this appeal, petitioner challenges the validity of his habitual drug offender presentment. Petitioner maintains that the presentment was facially deficient and void because it "did not properly notify him of the elements of the offense." We note that usually challenges to an indictment or presentment are improper in a habeas corpus action. *See Haggard v. State*, 475 S.W.2d 186, 187-88 (Tenn. Crim. App. 1971). However, because a valid indictment or presentment is an "essential jurisdictional element" to any prosecution, it may be challenged through a petition for habeas corpus when it is so defective as to deprive the trial court of jurisdiction to enter a judgment. *Dykes*, 978 S.W.2d at 529. A defect or omission in the language of an indictment or presentment will not render a judgment void "so long as the indictment [or presentment] performs its essential constitutional and statutory

purposes." *Id.* (citing *State v. Hill*, 954 S.W.2d 725, 729 (Tenn. 1997)). An indictment or presentment is generally constitutionally valid if the information within the document provides "notice to the accused of the charge against which the accused must defend, adequate basis for entry of a proper judgment, and protection from double jeopardy." *Hill*, 954 S.W.2d at 726-727. Indictments or presentments in Tennessee must also:

> [S]tate the facts constituting the offense in ordinary and concise language, without prolixity or repetition, in a manner so as to enable a person of common understanding to know what is intended and with that degree of certainty which will enable the court, on conviction, to pronounce the proper judgment.

Tenn. Code Ann. § 40-13-202.

Petitioner's presentment states that petitioner was a "HABITUAL DRUG OFFENDER, as defined in Tennessee Code Annotated, Section 39-6-417(d)(1)." The presentment then outlines each of the thirty-two instances of illegal conduct and seven prior convictions that supported the habitual drug offender charge. Petitioner asserts that this was facially deficient and void because it "did not properly notify him of the elements of the offense." However, even though the presentment does not specifically state each of the elements of the charged offense, we conclude that the language of petitioner's presentment was sufficient.

"[S]pecific reference to a statute within the indictment [or presentment] may be sufficient to place the accused on notice of the charged offense." *State v. Sledge*, 15 S.W.3d 93, 95 (Tenn. 2000) (citing *State v. Carter*, 988 S.W.2d 145, 149 (Tenn. 1999); *Ruff v. State*, 978 S.W.2d 95, 97, 99 (Tenn. 1998)). Petitioner's presentment clearly references section 39-6-417(d)(1) and states that he was charged as being a habitual drug offender. Moreover, the facts contained in the presentment describing each of the thirty-two instances of illegal conduct and seven prior convictions were sufficiently specific to provide the trial court with an adequate basis for entering its judgment. In addition, there is no doubt that the information in the presentment would have provided petitioner with protection from double jeopardy. Therefore, his presentment passes constitutional muster. The presentment also satisfies Tennessee Code Annotated section 40-13-202 because the presentment stated the facts underlying the charged offense using plain language and provided the trial court with a basis upon which to pronounce a proper judgment. Finally, the habitual drug offender statute stated that "[t]he indictment for a violation of this subsection shall charge that the defendant is a habitual drug offender, and the separate transactions shall be listed as overt acts within the same count." Tenn. Code Ann. § 39-6-417(d)(3) (repealed 1989). This is exactly what is stated in petitioner's presentment. Therefore, because petitioner's

presentment passes constitutional and statutory muster, his judgment is not void, and petitioner is without relief as to this issue.

## II. Habitual Offender and Sentencing

Petitioner also argues that the trial court "lacked jurisdiction due to erroneous classification as a habitual drug offender and erroneous sentencing enhancement." Whether a judgment is void is a question of jurisdiction and contingent upon the lawful authority of the court issuing it. *See Edwards v. State*, 269 S.W.3d 915, 920-21 (Tenn. 2008). Our supreme court has stated:

> [T]he setting of punishment for criminal offenses is a legislative function. *See Lavon v. State*, 586 S.W.2d 112, 115 (Tenn. 1979); *Sandford v. Pearson*, 190 Tenn. 652, 661, 231 S.W.2d 336, 339 (1950). Statutes prescribing and defining available punishments both confer and limit the jurisdiction of trial courts to impose sentences for criminal offenses. *See Smith v. Lewis*, 202 S.W.3d 124, 127-28 (Tenn. 2006); *McConnell*, 12 S.W.3d at 798. Thus, as we have previously held, trial courts lack jurisdiction to impose sentences in direct contravention of a governing sentencing statute. Similarly, trial courts lack jurisdiction to impose sentences not available under the sentencing statutes governing the case. Such sentences are illegal, amounting to "jurisdictional defect[s]" that render the judgments imposing them void and subject to attack in a habeas corpus proceeding.

*Id.* at 921 (alteration in original) (footnote omitted). However, petitioner's conviction and sentence did not violate a statute, and his sentence was within the appropriate range. In his habeas corpus petition, petitioner alleged (1) that he could not be convicted of both the sale and delivery of controlled substances and as a habitual drug offender, (2) that he did not have the requisite prior convictions to be a habitual drug offender, and (3) that the trial court improperly sentenced him to forty-five years in confinement.

While it is true that appellant could not be convicted both the sale and delivery of controlled substances and as being a habitual drug offender, *see* Tenn. Code Ann. § 39-6-417, the record on appeal shows that petitioner was not convicted of both the sale and delivery of controlled substances and as being a habitual drug offender. Instead, his judgment shows that he was indicted for both offenses but was only convicted of being a habitual drug offender. Furthermore, his criminal history reveals that he had an unrelated conviction for possession of hydromorphone with intent to sell and deliver. However, there is nothing in the record to show that the two convictions had the same factual basis, and the two offenses have different offense dates.

Petitioner also had the requisite prior convictions to be deemed a habitual drug offender. Section 39-6-417 was amended in 1982 to state that "no person shall be deemed as a habitual drug offender if such person has no prior convictions." Even though at the time of this conviction, petitioner had seven prior convictions that occurred in January and February of 1981, he contends that the prior convictions required by the statute had to occur after 1982, when the statute was amended. However, there was no such limitation in the statute, and petitioner cites no authority for such a limitation.

Finally, petitioner argues that he received an improper sentence. The range of possible punishment for habitual drug offenders was "not less than ten (10) years nor more than life in the state penitentiary." Tenn. Code Ann. § 39-6-417(d)(4) (repealed 1989).[2] As a Range II offender, petitioner's possible punishment was "not less than the minimum sentence plus one-half . . . of the difference between the maximum sentence and the minimum sentence, and not more than the maximum sentence as provided by law." Tenn. Code Ann. § 40-35-109 (repealed 1989). Therefore, petitioner's possible range of punishment was between thirty-five years and life imprisonment, and his forty-five-year sentence was within that range. Petitioner also argues that the trial court improperly determined the length and range of his sentence. However, that issue should have been addressed on direct appeal, not in a habeas corpus petition. *Cantrell v. Easterling*, 346 S.W.3d 445, 451 (Tenn. 2011). Petitioner has failed to show that he is entitled to habeas corpus relief.

## CONCLUSION

Based upon our review of the record, the briefs of the parties, and the applicable law, we affirm the denial of the petition for writ of habeas corpus.

_____
ROGER A. PAGE, JUDGE

---

[2] Tennessee Code Annotated section 40-35-109(d)(1) (repealed) governed petitioner's sentencing and stated, "For the sole and exclusive purpose of calculating the sentence ranges for offenses for which life imprisonment is a possible punishment, a life sentence shall be presumed to be sixty (60) years."